Steven A. Christensen #5190
Christensen Young & Associates, PLLC
9980 South 300 West #200
Sandy, UT 84070
Telephone: (801) 676-6447
Facsimile: (888) 569-2786
steven@christensenyounglaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated,<br><br>*Movant*,<br><br>v.<br><br>**BOOMSOURCING, LLC, and BOOMSOURCING BPO, LLC,**<br><br>*Respondents*. | **MOTION TO ENFORCE SUBPOENAS**<br><br>Case No.:2:22-mc-00696-RJS<br><br>**Judge Robert J. Shelby** |

## <u>MOTION</u>

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movant Robin Black (Plaintiff in the underlying case *Robin Black v. First Impression Interactive, Inc., et al.*, Case No. 1:21-cv-3745 (N.D. Ill.)) moves the Court for an order to compel production of documents pursuant to subpoenas served on non-parties BoomSourcing, LLC and BoomSourcing BPO, LLC (collectively, "BoomSourcing").

In response to subpoenas for documents served on BoomSourcing, BoomSourcing has provided a partial production of responsive documents, and through its former counsel, committed in writing to produce additional responsive documents. After retaining new counsel, BoomSourcing

now seeks to renege on its prior commitments and refuses to comply with the subpoenas. Plaintiff therefore seeks an order compelling production of the requested documents.

<h1 style="text-align:center">MEMORANDUM</h1>

## I. FACTUAL BACKGROUND

Plaintiff, individually and on behalf of all others similarly situated, filed the underlying action against Defendants First Impression Interactive, Inc. ("FII"), Jeffrey Giles ("Giles"), and Dale Brown ("Brown") (collectively "Defendants") for their practice of making autodialed, prerecorded telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever) from the called parties, in violation of two separate provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c). *See* First Amended Complaint ("FAC") ¶ 1, attached hereto as Exhibit A.

Defendants claimed that they automatically sent the contact information entered on Defendants' website youremployment.com to BoomSourcing—the vendor it hired to place the outbound telephone calls. On February 25, 2022, Plaintiff served subpoenas for documents to BoomSourcing. *See* Subpoenas to BoomSourcing, attached hereto as Exhibit B.

BoomSourcing's lawyers from Allen, Mitchell & Allen PLLC reached out to Plaintiff's counsel to discuss the subpoenas on March 24, 2022, asking for an extension of time to respond, to which Plaintiff's counsel agreed. *See* BoomSourcing Emails, p.1, attached hereto as Exhibit C. On April 8, 2022, Eric Allen wrote to Plaintiff's counsel: "[W]e should have documents from the client today – logs and the like. We just need time to review them today and tomorrow and get them to you. Can we have Monday on this response? Appreciated." *Id*. at p. 7.

In a telephone call with counsel, BoomSourcing requested that an agreed confidentiality order be entered prior to production of responsive information, so Plaintiff drafted and negotiated the terms of such an order with Defendants. On June 17, 2022, Plaintiff's counsel forwarded the

Agreed Confidentiality Order to counsel for BoomSourcing and requested an update on the status of production. *See* Exhibit C, p. 5. On June 27, 2022, Plaintiff's counsel followed up on the status of the document production. *Id*.

On June 28, 2022, counsel for BoomSourcing indicated that BoomSourcing "ha[d] already begun the larger call log pull of all F.I.-related logs going back to July 14, 2017." Exhibit C, p.4. Counsel provided an estimated 2 weeks to produce the call logs, and another 30 or more days to identify and compile the requested communications. *Id*. Counsel raised "the possibility of negotiating a reasonable email search-term list." *Id*.

On July 8, 2022, counsel for BoomSourcing stated that "the logs can be produced by [July] 15th, along with some other easier items like contracts, IOs and invoicing." Exhibit C, p. 3.

On July 15, 2022, counsel for BoomSourcing served a small production of documents that included "contracts/IOs and invoicing." Exhibit C, p. 10. Counsel also stated that "the logs have finally been compiled, but the file is massive." *Id*. Counsel requested another week to review the log file and indicated it would be provided on a hard drive. *Id*. Counsel also promised to "follow up . . . soon regarding our proposed communications/email key search terms list." *Id*.

On July 29, 2022, Plaintiff's counsel followed up requesting an "update on the status of the call logs and ESI." Exhibit C, p. 9. BoomSourcing's counsel stated he would speak with his client Monday or Tuesday and get back to Plaintiff's counsel. *Id*.

Plaintiff's counsel did not hear back from BoomSourcing until, on August 31, 2022, new counsel from Carlson & Messer LLP contacted Plaintiff's counsel. *See* Exhibit C, p.12. On September 8, 2022, after a telephone conference, Plaintiff's counsel forwarded prior correspondence from BoomSourcing's former counsel to assist new counsel in getting up to speed on the file, and apprising him of the status of BoomSourcing's production and BoomSourcing's

representations about its progress. Exhibit C, p. 19. On September 29, 2022, after not receiving a response, Plaintiff's counsel again requested an update. Exhibit C, p. 18.

On October 7, 2022, Plaintiff's counsel spoke on the telephone with BoomSourcing's new counsel. *See* Declaration of Jeffrey D. Blake, ¶ 3, attached hereto as Exhibit D. During the call, BoomSourcing's counsel stated that producing the call logs (that their prior counsel had already compiled and promised to produce on July 15, 2022) would cost BoomSourcing tens of thousands of dollars to compile and demanded that Plaintiff agree to pay these costs. *Id*. ¶ 4. Counsel for BoomSourcing also stated certain objections that Plaintiff was "not typical" of the class she sought to represent in the underlying matter, and surprisingly, took issue with the date (past due) and place for compliance indicated in the subpoenas, even after BoomSourcing had already produced numerous documents pursuant to the subpoenas, and had repeatedly promised in writing to produce more. *Id.* ¶ 5.

Plaintiff's counsel pointed out to BoomSourcing that BoomSourcing had already made representations promising to produce certain items. *Id*. ¶ 6. Plaintiff's counsel gave BoomSourcing's counsel until October 12, 2022, to apprise Plaintiff's counsel of the status of production of the call logs and other items. Plaintiff's counsel has not received any response as of the filing of this motion. *Id*. ¶ 7.

As a result, Plaintiff seeks to enforce the subpoena and the agreement between Plaintiff and BoomSourcing regarding the production of documents in response to the subpoenas.

## II. LEGAL STANDARD

Under Rule 45 of the Federal Rules of Civil Procedure, "at any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785, 2018 WL 4302321, at *2 (D. Kan. Sept. 10, 2018). Parties may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Am. W. Bank Members, L.C. v. Utah*, 2:16-CV-00326-CW-DAO, 2021 WL 5384840, at *2 (D. Utah Nov. 18, 2021) (applying Rule 26(b) scope of discovery to motion to enforce subpoena); Fed. R. Civ. P. 26(b)(1). The party seeking to resist discovery bears the burden to show specific and particular factors why discovery should be limited. *United Auto. Ins. Co. v. Stucki & Rencher, LLC*, No. 2:15-CV-834 RJS, 2019 WL 2088537, at *7 (D. Utah May 13, 2019).

## III.     ARGUMENT

### A.     The Court Should Compel BoomSourcing To Produce Call Logs

Request No. 26 of the subpoenas, attached as Exhibit B, requests:

> Call detail logs in their original electronic format for calls placed by You or on Your behalf (whether exclusively or not) to promote or sell goods or services of Defendants (whether or not exclusively), since May 10, 2017. Responsive Documents include all calls made by You or on Your behalf, the originating telephone number, the date, time, and duration of the call, the telephone to which each such call was made or attempted to be made, whether the telephone number is a cellular telephone number, the script for such call, the name of the person called, whether the person called had previously asked not to be called, the name and unique identifier number(s)/designation(s) associated with the intended recipient and the call.

Utah courts have observed that call logs are relevant for merits and class issues in TCPA cases. In *Wesley v. Snap Finance, LLC*, 339, F.R.D. 277, 298–99 (D. Utah 2021), the court granted class certification, concluding that the call logs could be used to determine classwide whether the prerecorded voice message actually played.  Thus, in TCPA class actions (such as this case), courts routinely compel the production of the defendants' call logs because they contain relevant information for merits and class issues. *See Hancock v. Credit Pros Int'l Corp.*, 2021 WL 2948154,

at *8 (D.N.J. July 13, 2021); *Warren v. Credit Pros Int'l Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021).

BoomSourcing has already agreed to produce the call logs and represented that it would do so. On July 8, 2022, Eric Allen wrote, "I think the logs can be produced by the 15th…." *See* Exhibit C, p. 3. On July 15, Eric Allen wrote, "The logs have finally been compiled, but the file is massive . . . . We will need additional time, probably at least one week for me to [review the file containing the call logs] . . . *Id*. at p. 10. At no point did BoomSourcing indicate that production of the file would be unduly burdensome. Instead, Eric Allen stated that "[w]e may need to provide the logs to you on a hard drive so you will have enough time to successfully download them." *Id*.

BoomSourcing has already compiled the requested data, and producing it will not cause any undue burden. Based on the foregoing, BoomSourcing should be compelled to produce the call logs for the campaigns it performed pursuant to contracts with Defendants, as requested. Any objections to their production were waived.

### B.    Communications between BoomSourcing and Defendants

Request Nos. 11–13 seek documents BoomSourcing sent to and received from Defendants, and internal communications discussing communications with Defendants, respectively. *See* Exhibit B. Request No. 16 seeks "documents and communications exchanged between You and any persons transferring calls or lead data to You, including prior negotiations promotional material, contracts, guidelines, invoices, receipts, sales reports, and correspondence between You and such other Persons. *Id*.

Communications and interactions between BoomSourcing and Defendants are relevant to issues concerning Defendants' involvement in the conception, design, execution, coordination, oversight, as well as knowledge of the marketing campaigns that led to calls to Plaintiff and Class

members. BoomSourcing's prior lawyers already provided Plaintiff with a limited production of requested documents, including BoomSourcing's contract with Defendants and invoices. *See* Exhibit C, p. 10. On June 28, 2022, Eric Allen provided in confidence certain details regarding the case and raised "the possibility of negotiating a reasonable email search-term list." *See* Exhibit C at 4. On July 8, 2022, Eric Allen wrote, "[f]or communications/emails, they have identified roughly 70,000 emails exchanged between Boom & F.I. . . . I'll put together a proposed search-term list next week." Exhibit C, p. 3. On July 15, 2022, Eric Allen indicated in writing that "I will also follow up with you soon regarding our proposed communications/email key search terms list." Eric Allen never did. Plaintiff therefore seeks a court order compelling production of all documents responsive to Request Nos. 11–13, and 16.

### C.     Documents Describing BoomSourcing's Soundboard Technology

Request No. 25 requests:

> Documents relating to and describing the operation, installation, and/or specifications of any and all equipment and systems used to make telephone calls to consumers, including but not limited to Perfect Pitch technology, by You or any third party on Your behalf (whether exclusively or not).

Documents containing information on the systems used by BoomSourcing to place the calls are necessary for Plaintiff to prove that the calls to Plaintiff and Class members were placed using an artificial or prerecorded voice. Such information is relevant and should be produced. *See Medina v. Enhanced Recovery Co., LLC*, 15-14342-CIV, 2017 WL 5196093, at *6 (S.D. Fla. Nov. 9, 2017) ("plaintiffs are entitled to information specifying the capacity and capability of all dialing equipment ERC used to collect debts during the relevant time period so they can prove or disprove whether each system is covered by the TCPA.").

### IV.     CONCLUSION

For the reasons set forth above, Plaintiff requests an order granting Plaintiff's motion to enforce the subpoenas, and such other relief as the Court deems appropriate.

Plaintiff Robin Black, individually and on behalf of all others similarly situated,

/s/Steven A. Christnsen

Steven A. Christensen #5190
Christensen Young & Associates, PLLC
9980 South 300 West #200
Sandy, UT 84070
Telephone: (801) 676-6447
Facsimile: (888) 569-2786
steven@christensenyounglaw.com

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*tom@attorneyzim.com*
*www.attorneyzim.com*

Max S. Morgan
Eric H. Weitz
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff and the proposed Classes*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated, | Civil Case No.: 1:21-cv-3745 |
| *Plaintiff*, | **FIRST AMENDED COMPLAINT - CLASS ACTION** |
| v. | |
| **FIRST IMPRESSION INTERACTIVE, INC.**, an Illinois corporation; **JEFFREY GILES**, an individual; and **DALE BROWN**, an individual, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## <u>INTRODUCTION</u>

1.     Plaintiff Robin Black ("Black"), individually and on behalf of all others similarly situated, brings this action against Defendants First Impression Interactive, Inc. ("First Impression"), Jeffrey Giles ("Giles"), and Dale Brown ("Brown") (collectively "Defendants") for their practice of making autodialed, prerecorded telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever) from the called parties, in violation of two separate provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c).

2.     First Impression is a dissolved[1] Illinois marketing company specializing in "lead generation" that was operated by Giles and Brown.

3.     First Impression places autodialed, prerecorded telemarketing calls to consumers

---

[1] First Impression filed Articles of Dissolution on May 27, 2021. Pursuant to 805 ILCS 5/12.80, "[t]he dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability accrued or incurred, either prior to, at the time of, or after such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution."

without prior express written consent in an effort to generate leads.

4.      Plaintiff has done no business with Defendants, and has never provided Defendants with prior express written consent to call her cellular telephone number that is registered on the National Do-Not-Call Registry.

5.      Accordingly, Plaintiff brings this TCPA action on behalf of herself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c).

## **PARTIES, JURISDICTION, AND VENUE**

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.      Black is, and at all times mentioned herein was, a citizen and resident of Brentwood, Tennessee. Black is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.      First Impression is/was incorporated in Illinois, and its principal place of business and only office is/was in Illinois. First Impression was incorporated on August 9, 2007, and filed Articles of Dissolution on May 27, 2021

9.      Brown owned, operated, and was an officer, employee, and agent of First Impression. At all material times referenced herein, Brown was, and currently is, a citizen and resident of Illinois and this District.  The acts and omissions committed by Brown giving rise to liability in this matter occurred or were performed in Illinois, in this District.

10.     Giles owned, operated, and was an officer, employee, and agent of First Impression. At all material times referenced herein, Giles was and is a citizen of Illinois and was a resident of

Illinois during the time period relevant to Plaintiff's claims.[2] The acts and omissions, committed by Giles giving rise to liability in this matter occurred or were performed in Illinois, in this District.

11.     Pursuant to 735 ILCS § 5/2-209(b), the Court has jurisdiction over Brown and Giles because they are "natural person[s] domiciled or resident within [Illinois] when [Plaintiff's] cause of action arose." 735 ILCS § 5/2-209(b)(2).

12.     In addition, pursuant to 735 ILCS 5/209(a)(1)–(2), this Court has personal jurisdiction over all Defendants because the Defendants transacted business and committed tortious acts within and from this District, and Plaintiff's claims arise from those activities.

13.     Specifically, at all relevant times referenced herein, Defendants' telemarketing activity at issue in this case was conducted from this District.

14.     Venue is proper in this District because Defendants conducted significant amounts of business transactions within this District, and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

15.     According to First Impression's January 22, 2021, Second Round PPP Loan Application,[3] First Impression reported only two employees, which, upon information and belief are Giles and Brown. Therefore, on information and belief, all the acts and omissions of First Impression were committed by Giles and/or Brown, as First Impression's only officers, employees, and agents, including the acts and omissions giving rise to liability in this action.

16.     First Impression, by and through its officers, employees, and agents—*i.e.*, Giles

---

[2]  On July 29, 2021, 15 days after this action was filed, Giles filed an Answer in *Fitzhenry v. First Impression Interactive, Inc. et al.,* Case No. 1:21-cv-2345 (N.D. Ill.), and admitted that he "is an individual residing at 735 S. Quincy St. in Hinsdale, IL 60521." *See Fitzhenry v. First Impression Interactive, Inc. et al.,* Case No. 1:21-cv-2345, Dkt. 16 at p.3 (N.D. Ill. July 29, 2021). In his September 20, 2021 Declaration, Giles claims he now "lives in California."

[3]  https://projects.propublica.org/coronavirus/bailouts/loans/first-impression-interactive-3909998305 (last accessed Sept. 28, 2021).

and Brown—placed, or had placed on its behalf, automated, prerecorded or artificial voice calls in an effort to generate leads.

17.     As such, Defendants are directly liable for the violations of the TCPA alleged herein. Alternatively, Defendants are secondarily liable for these violations under principles of vicarious liability. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021).

18.     Under the TCPA, Giles and Brown are personally liable for the acts and omissions alleged in this Complaint.  *See Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*, 324 F. Supp. 3d 973, 983 (N.D. Ill. 2018), *aff'd* 950 F.3d 959 (7th Cir. 2020).

19.     When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA.  *See, e.g.*, *Jackson Five Star Catering, Inc. v. Beason,* 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20.     On information and belief, as the only officers and employees of First Impression, Brown and Giles had direct, personal participation in, and personally authorized, the acts or omissions complained of herein that violate the TCPA.

21.     Specifically, Giles and Brown: (a) participated in the selection of the phone numbers that would be called; (b) designed and approved the calling campaigns; (c) drafted, worked on, and approved the scripting that would be used on the calls; (d) selected, contracted for, and programmed the dialing equipment used to make the calls; (e) selected, contracted for, and

4

programmed the soundboard technology Defendants used to interact with callers during the calls; (f) determined to what entity callers would be connected based on the information obtained during the calls; and (g) entered into contracts with, managed relationships with, and received money from lead buyers who purchased Defendants' services.

22. Accordingly, Giles and Brown are individually and directly liable for the violations of the TCPA and the damages alleged in this Complaint.

23. In addition, prior to or upon dissolution of First Impression, its assets were distributed to Giles and Brown. Therefore, Giles and Brown are "directly answerable" as "relief defendants" for the liabilities of First Impression. *See EEOC v. JRG Fox Valley*, 976 F. Supp. 1161, 1162–64 (N.D. Ill. 1997) (holding that recovery may be sought from individuals who receive the assets of a dissolved company prior to or upon dissolution); *see also Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1995 (7th Cir. 1996) (holding investor/owner liable for the liabilities of a dissolved corporation to the extent of the distributions received).

24. Defendants, individually and together, directly placed the calls at issue in this Complaint; or in the alternative, Defendants' callers (whether employees of Defendants or agents) had each Defendant's express or implied actual authority to place the unwanted, automated lead generation calls at issue. Defendants, individually and together, contracted with or otherwise entered into agreements with callers to generate business and initiate the telemarketing phone calls using tactics that violated the TCPA. Defendants, individually and together, know that these third parties they engaged conduct their telemarketing practices in violation of federal law, but Defendants, individually and together, continued the relationship with them and received the benefits therefrom.

25. Defendants, individually and together, provided the callers their tradename,

provided and approved scripts and equipment, and provided proprietary call lists, pricing, and product information for use in lead generation, and participated in the calls directly by emailing called persons and permitting third parties to enter and review information in real time on Defendants' computer systems.

26.     Defendants, individually and together, ratified the unlawful conduct of their callers. Defendants knew that they were violating provisions of the TCPA and knowingly accepted the benefits of the unlawful conduct. Defendants knew the callers would engage in conduct that violated the TCPA and did business with them anyway. Defendants were aware of or consciously disregarded and failed to inquire into their callers' conduct that violated the TCPA. Defendants were aware of and had received numerous complaints by consumers and governmental enforcement authorities complaining about the unlawful robocalls, but they continued to accept the benefits of their relationship with the callers.

27.     Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(39).

## GENERAL FACTUAL ALLEGATIONS

28.     First Impression makes unsolicited telemarketing calls under the false pretenses that it is a job matching service and is calling in response to the called party's registration on one of its websites.

29.     These calls come from "spoofed" numbers that present false caller ID information to match the called party's area code to increase the chance the caller picks up the phone, falsely believing the call not to be a prerecorded voice, telemarketing phone call.

30.     In reality, the calls are not in response to any inquiry and quickly transition into a campaign to persuade the individuals to return to and enroll in school programs marketed by First

6

Impression on behalf of, at the direction of, and for the benefit of educational companies that are clients and beneficiaries of First Impression and who also act in concert with First Impression to place the unlawful telemarketing phone calls alleged herein.

31. These telephone calls utilize sound board technology that plays short, prerecorded voice messages. After an automatic introductory artificial or prerecorded message, additional artificial or prerecorded voice responses may be selected by a live operator or by artificial intelligence to interact with the called party during the call.

32. For example, in the calls to Plaintiff, the artificial and/or prerecorded voice represents that it is calling on behalf of a service called "EDU Matcher."

33. Calls often begin with a prerecorded voice that represents that it is calling on behalf of a service called "EDU Matcher" and offers to match job seekers with supposed open employment positions.

34. The artificial and/or prerecorded voice boasts about "quite a big database of jobs" and seeks to gather information from the called party to purportedly match the called party with various jobs.

35. The artificial and/or prerecorded voice states that it will provide the called party with a list of jobs to apply to via email.

36. Upon information and belief, Defendants have no serious intention of actually matching the called party with a job opportunity or sending them information regarding jobs via email.

37. Upon information and belief, the stated "job matching" function of the call is a tactic deployed to gain information from a called party prior to an attempt to convert the called party into a "student" lead that can be sold to one of First Impression's partners or clients.

38. The artificial and/or prerecorded voice then suggests that the called party consider furthering their education.

39. The artificial and/or prerecorded voice states that "part of our service is we want to make you more marketable to employers," and then transitions to marketing education services and programs.

40. Because each of these calls was advertising products and/or services, they constitute telemarketing and telephone solicitations pursuant to 47 U.S.C. § 227(a)(4), and 47 C.F.R. § 64.1200(f)(15).

41. Many consumers who have received these unwanted calls have turned to the internet to complain.

42. For example, many consumers have made complaints on the Facebook page of an unaffiliated company named Edu Match:

> **Amanda Izizarry (February 8, 2021)**: Omg I keep getting calls from different ppl saying they are with EDU matcher. I never even signed up for anything. Idk how they got my number, nor what they are trying to do?! (Maybe trying to get money or something?!) I keep saying take me off the list & I block the number then they just have a different person call & say the same thing from a different number. It's driving me crazy! I looked it up to see what this is about because they keep harassing me! Please help.
>
> They keep calling from random different numbers & when I tried to call back it's not a real number. So I knew something was wrong.
>
> **Jho Newman (June 27, 2019)**: Thank you for posting this. I just received a telemarketing call claiming to represent EduMatch and offering employment and educational opportunities. They pushed additional schooling after I informed them several times that I was not looking for educational opportunities at this time. Filed a report through the link posted.
>
> **Gary Hunter (November 27, 2018)**: I got a call from Ashley at Edumatcher (603-637-9398). They alluded to job and educational opportunities. They said they don't support University of

Massachusetts, where I am an alumni. However, their few dated questions revealed that they will not service anyone over 60 years old, which I am. They also would not say 'yes' when asked of offering job opportunities. This is age discrimination and a scam. Can you please give me a phone # or link to the FCC to file a formal complaint? I know this is not your organization. Thank you.[4]

43.    EduMatch has received so many complaints about the unwanted calls that they have added a disclaimer to the homepage of their website (http://www.edumatch.org/) notifying the public that they are not responsible for these calls.[5]

44.    Other consumers have made complaints on popular robocall reporting websites:

### "whocallsme.com"

**cc walker (October 31, 2018**): EDU Matcher calls me several times a week. They call from several different numbers, and each time I put them on my block list. Today 10/31/18 a woman named Ashley called, when i immediately stated i've asked them several times to stop calling, she replied "well this won't take long", i then stated, yea, but im at work, and i've again asked for you to put me on the do not call list, she then says, "well ok, we'll just call you back again another time. Here are a list of their numbers 615-375-3194; 615-205-6736; 615-205-6727; 615-205-6743.

**JoyceMarie** (**January 12, 2019**): This was obviously a robotic caller named "Ashley". "She" asked me my date of birth and I told it that if they're calling to offer me employment then that's an illegal question. It replied, "Well some companies have an age requirement" to which I replied, "Bit it's illegal to have an age requirement". I asked for the name of the company and it repeated, "The name of the company is EDU Matcher". I called the number back after it became confused and hung up to confirm and "Ashley" answered. I didn't speak, it said hello again and hung up. This is phone phishing at its finest. Don't fall for this fake caller. The number was local for me. 1-542-801-2222.

**Sid** (**February 5, 2019**): I have been getting similar calls from someone named "Conner" who claims to be from Edumatcher on a recorded line, claiming that I signed up at their website looking for

---

[4] https://www.facebook.com/edumatchers/ (last accessed Sept. 23, 2021).

[5] *See http://www.edumatch.org/* (last accessed Sept. 23, 2021).

a job. He's going to help me get a job. Previously I told him I was on the Do Not call list and he hung up, then I blocked his number. He just calls again from another phished number with my area code. Today he called again and I strung him along for a while until I got the name of his company and he started asking for information. It's just a scam. Wish I could get these calls to stop![6]

### 800notes.com

**S (March 5, 2020)**: A guy called me from this number about a job I applied to. I told him I did not apply for any job and asked him to identify the company he was calling from. He said his company is located in Florida and continued to speed talk his way past the company's name. I asked him to repeat his company name. He said EDU matcher then hung up.[7]

**Alex (June 12, 2018)**: Just got a call from "Ashley", with E.D.U. Marcher or something, trying to assist in a job search (not even looking for a job and I live 3,000 miles away). Then said they could help with education grants. I said I wasn't interested and she hung up.

**Reporter (July 26, 2018)**: The same "Ashley" saying she was responding to my request for help with my job search. I told her I never made any such request. She said, "I'm sorry I can't help you." I'm delighted she couldn't "help" me. With "help" like that I don't need harm.

**Kathy (August 27, 2018)**: Just got a call from Ashley also, but different #:786-650-3434. I.D. came up as Academic Advisor. We are medical office, so no one looking for job here.

**Lori (October 25, 2018)**: Conner from EDU Matcher calling now with a local number +1 (817) 663-8316. I've gotten multiple calls before and like other they hang up. This time Conner ask what year I graduated from high school or got my GED. I replied I had an Master Degree in Business. He then asked again what year .... then I told him 1981 and he said sorry i can't help you.

Like others, I want to know how they scam people? If someone has made it pass the hang-ups and disconnect and they have actually asked for money please let us know how this was done. Thank you

---

[6] https://whocallsme.com/Phone-Number.aspx/5629126555 (last accessed Sept. 23, 2021).

[7] https://800notes.com/Phone.aspx/1-402-715-9436 (last accessed Sept. 23, 2021).

**Sarah (January 7, 2019)**: A guy called, first he spoke so fast that i couldnt keep up, then he said he was calling from a job posting i had applied to, then he couldnt tell me which one he was calling about. Then he just started asking me questions - what kind of job am I looking for? am I currently employed ? and then he slipped up and asked me what year i graduated from high school. You are absolutely not allowed to ask this question when interviewing or assessing people for a position. I laughed at him and he hung up.

**Tom (January 12, 2019)**: My call just now originated from another number (my Area Code), (928) 499-3040.  It's a scam.  A robocall (bot call) from Ashley", representing "EDU Matcher."  If you reply there's a pause, then a pre-recorded response, etc.  My number is on the National Do Not Call List, and I report on-line EVERY call like this that I receive however the DNC organization has done NOTHING to stop the calls.  So they're worthless.  I've wasted too much of my valuable time reporting the thousands of calls I've received with no action so I'm done with them.  From now on I'm either not going to answer or immediately hang up.  How sad that these worthless scammers are harassing people to begin with.[8]

### PLAINTIFF ROBIN BLACK'S FACTUAL ALLEGATIONS

45.    Black is the primary user of a cellular telephone number ending in 8324.

46.    Black's telephone number ending in 8324 has been on the National Do-Not-Call Registry since November 17, 2004.

47.    Black received six (6) of Defendants' prerecorded telephone calls as described herein.

48.    These telephone calls using artificial or prerecorded voices include calls on February 9, 2021, February 10, 2021, February 11, 2021, March 8, 2021, and March 31, 2021 (twice).

49.    Black never provided prior express written consent (or any consent) to Defendants

---

[8] https://800notes.com/Phone.aspx/1-206-429-9298

for these telephone calls.

50.     During one of the calls, the caller stated that the call was in response to Black's registration on the website "youremployment.com."

51.     Black never registered or input her information into the website "youremployment.com".

52.     During the February 11, 2021 call, Black answered the phone and stated that she was at dinner.

53.     The prerecorded voice insisted on continuing the call, stating that the call would only take 2-3 minutes.

54.     When Black refused, the prerecorded voice stated, "we will just call back at another time."

55.     Black responded, "I don't think you need to call back because I'm on the do-not-call list."

56.     Defendants continued to call Black, despite her clear and unambiguous request not to be contacted and communicating that her phone was registered on the do-not-call list.

## **DEFENDANTS' LIABILITY**

57.     Because Defendants' calls constitute telemarketing, Defendants were required to obtain prior express written consent from the persons to whom Defendants made calls.  *See* 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200.

58.     "Prior express written consent" is specifically defined as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8) (emphasis added).

59.     Black never provided Defendants with any consent, written or otherwise.

60.     Accordingly, each of Defendants' telemarketing calls to Black using an automatic telephone dialing system and artificial or prerecorded voice violated 47 U.S.C. § 227(b).

61.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call. Plaintiff is entitled to up to $1500 per call if Defendants' actions are found to be knowing or willful. 47 U.S.C. § 227(b)(3)(C).

62.     In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

63.     Plaintiff's number was on the National Do-Not-Call Registry prior to Defendants' calls.

64.     While the exact number of calls to Plaintiff's telephone number will be determined in discovery, Plaintiff has received more than two (2) such telemarketing calls in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

65.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per call, and Plaintiff is entitled to an additional $1500 per call if Defendants' actions are found to be knowing or willful.

66.     Plaintiff has suffered concrete harm because of Defendants' unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;

- Invasion of privacy; and

- Nuisance.

67.     These forms of actual injury are sufficient for Article III standing purposes. *See*

*Trans Union, LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) (unwanted text messages satisfy concrete harm requirement of Article III of the U.S. Constitution)).

## CLASS ACTION ALLEGATIONS

68.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," as defined as follows:

### THE CLASSES

The TCPA 227(b) Class: Since July 14, 2017, all persons within the United States to whose telephone number Defendants placed (or had placed on their behalf) a prerecorded or artificial voice telemarketing call, or to whose cellular telephone number Defendants placed (or had placed on their behalf) a call using an automatic telephone dialing system.

The TCPA 227(c) Class: Since July 14, 2017, all persons within the United States to whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

(The TCPA 227(b) Class and the TCPA 227(c) Class are collectively referred to herein as the "Classes.")

69.     Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

70.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable, as the Classes are composed of hundreds, if not thousands, of individuals.[9]

---

[9] *See* notes 3-7, *supra; see also*  https://www.everycaller.com/phone-number/1-315-237-6538/ (last accessed July 1, 2021);       https://800notes.com/Phone.aspx/1-206-429-9298       (last       accessed       July       1,       2021);

14

71.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendants and third parties maintain written and electronically stored data showing:

   a.   The time period(s) during which Defendants placed their calls;

   b.   The telephone numbers to which Defendants placed their calls;

   c.   The telephone numbers for which Defendants had prior express written consent;

   d.   The purposes of such calls; and

   e.   The names and addresses of Class members.

72.     There are common questions of law and fact affecting the rights of the members of the Classes, including, *inter alia*, the following:

   a.   Whether Defendants (or someone acting on their behalf) used an automatic dialing system or prerecorded voice in placing the calls;

   b.   Whether Defendants (or someone acting on their behalf) obtained prior express written consent;

   c.   Whether Defendants (or someone acting on their behalf) make solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

   d.   Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

---

https://lookup.robokiller.com/p/918-907-3502 (last accessed July 1, 2021); https://whocallsme.com/Phone-Number.aspx/5629126555 (last accessed July 1, 2021); https://www.nomorobo.com/lookup/385-220-0460 (last accessed July 1, 2021).

      e.      Whether Defendants should be enjoined from engaging in such conduct in the future.

73.    Plaintiff is a member of the Classes in that Defendants placed two or more prerecorded telemarking calls using an automatic telephone dialing system to her phone in a one-year period when her telephone number was on the National Do-Not-Call Registry.

74.    Plaintiff's claims are typical of the claims of the members of the Classes in that they arise from Defendants' uniform conduct and are based on the same legal theories as these claims.

75.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

76.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

77.    Defendants have acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

78.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

79.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each Class member make individual actions uneconomical.

80.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA 227(b) Class)**

81. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

82. Defendants placed, or had placed on their behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class members' cellular telephone numbers without prior express written consent.

83. Defendants have therefore violated 47 U.S.C. § 227(b).

84. As a result of Defendants' unlawful conduct, Plaintiff and TCPA 227(b) Class members are entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(b)(3)(B).

85. Plaintiff and TCPA 227(b) Class members are entitled to an award of treble damages in an amount up to $1,500 for each violation per call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**

86. Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

87. Defendants placed, or had placed on their behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(c) Class members' telephone numbers.

88. Plaintiff's and TCPA 227(c) Class members' telephone numbers were all on the National Do-Not-Call Registry at the time of calls.

89.     Defendants placed two or more calls to Plaintiff and each TCPA 227(c) Class member in a 12-month period.

90.     Plaintiff and TCPA 227(c) Class members are entitled to an award of $500 in statutory damages for each violation per call, pursuant to 47 U.S.C. § 227(c)(5).

91.     Plaintiff and TCPA 227(c) Class members are entitled to an award of treble damages in an amount up to $1,500 for each violation per call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

B.      An order declaring that Defendants' actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

C.      An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

D.      An award of statutory damages;

E.      An award of treble damages;

F.      An award of reasonable attorneys' fees and costs, and

G.      Such other and further relief that the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.


Plaintiff Robin Black, individually and on behalf of all others similarly situated,


/s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*firm@attorneyzim.com*

Max S. Morgan, Esquire (pro hac vice to be filed)
Eric H. Weitz, Esquire (pro hac vice to be filed)
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff Robin Black*
*and the Proposed Classes*

19

# Exhibit B

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| Robin Black | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:21-cv-3745 |
| First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
BoomSourcing LLC c/o Registered Agent Jacob Munns
2426 S. 2500 E, Salt Lake City, UT 84043

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached.

| Place: | Date and Time: |
|---|---|
| | 03/24/2022 9:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/22/2022

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_          Thomas A. Zimmerman, Jr.
                                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiff Robin Black _____ , who issues or requests this subpoena, are:

Thomas A. Zimmerman, Jr., 77 W. Washington St, Ste 1220, Chicago, IL 60602 tom@attorneyzim.com, (312) 440-0020

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-3745

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

ROBIN BLACK, individually, and on behalf of all others similarly situated,

        Plaintiff,

        v.

FIRST IMPRESSION INTERACTIVE, INC., an Illinois corporation; JEFFREY GILES, an individual; and DALE BROWN, an individual,

        Defendants.

Case No.:  21-cv-3745

**SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION**

## <u>DEFINITIONS</u>

Any references "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Plaintiff", "Plaintiff's", or "Plaintiffs" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Respondent", "YOU" or "YOUR" means Boomsourcing LLC, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information. As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following discovery requests, Respondent shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Respondent shall state the legal basis for the privilege Respondent is invoking and provide a detailed log to support the invocation of such privilege.

Each and every discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these discovery requests, the term "DOCUMENT" or "DOCUMENTS " means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible

things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

## **INSTRUCTIONS**

1.      Each Document Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2.      The terms "and" or "or shall mean and include both the conjunctive and the disjunctive.

3.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Document Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4.      If, in answering these Document Requests, you encounter any ambiguity in construing a Document Request, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Document Request.

5.      In answering these Document Requests, furnish such information as is available to you, not merely such information as is within your knowledge.  This means that you are to furnish information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6.      If you object to any Definition or Instruction or to any of the specific Document Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity.  If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7. If you object to or claim a privilege with respect to only a portion of a given Document Request, you are requested to answer that portion of the Document Request as to which you have no objection or claim of privilege.

8. All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9. The time period in question includes July 14, 2017 to the present day. Your search for responsive documents should cover periods prior to July 14, 2017, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to July 14, 2017 to the present day.

## DOCUMENT REQUESTS

Pursuant to Rule 45 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Respondent produce within thirty (30) days, the Documents requested herein:

1. Documents relating to Plaintiff, Plaintiff's phone number ███████-8324, including but not limited to all records of telephone calls made or attempted to █████8324, all notes of conversations with Plaintiff, all recordings, notes, and notations regarding Plaintiff, including from any software, websites or customer relationship management or related databases that You use.

2. Documents You contend demonstrate consent to be called for Plaintiff or for the phone number ███████8324.

3. Documents demonstrating revocation of consent to be called by Plaintiff or for the phone number (█████8324.

4. Documents containing any reference to "Robin Black."

5. Documents containing any reference to Lead ID ████████████-
████████

6.      Documents containing any reference to Lead ID █████████████
██████

7.      Documents containing any reference to Lead ID █████████████
██████

8.      Documents containing any reference to the email address
████@robinthorpepiano.com.

9.      Documents containing any reference to the IP address ██████████

10.     Documents containing any reference to the website youremployment.com, including Documents sufficient to identify its owner or operator or Persons involved with its operation.

11.     Documents You sent to Defendants.

12.     Documents You received from Defendants.

13.     Documents referencing communications, agreements, and interactions between You and Defendants.

12.     Documents relating to the record and events from which Lead ID ████████
█████████████arose, including all lead events, Compliance Reports, and Visual Playback.

13.     Documents relating to the record and events from which Lead ID ████████
█████████████arose, including all lead events, Compliance Reports, and Visual Playback.

14.     Documents relating to the record and events from which Lead ID ██████ ████████████████████ arose, including all lead events, Compliance Reports, and Visual Playback.

15.     Documents relating to and/or regarding your policies and procedures related to compliance with telemarketing laws and regulations, and the TCPA Do-Not-Call Registry, including Your Internal Do-Not-Call List.

16.     Documents and communications exchanged between You and any persons transferring calls or lead data to You, including prior negotiations, promotional material, contracts, guidelines, invoices, receipts, sales reports, and correspondence between You and such other Persons.

17.     Documents relating to communications regarding Lead Intelligence, Inc. d/b/a Jornaya, including internal communications, emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails, video conference logs, and the like.

18.     Documents, electronically stored information, or communications related to the sale, offer to sell, or marketing of goods, products, or services sold by You on Your own or on behalf of others.

19.     Documents showing all leads generated and/or calls placed by You or on Your behalf (whether exclusively or not), whether or not such call was transferred to You.

20.     Documents reflecting any call (including attempted call) or text message made by You or any call center or other vendor of Yours, or to generate leads (even if You were not the exclusive buyer or beneficiary of said leads), or that could have generated a lead for You. Responsive Documents include Documents containing identifying information of the Persons You were trying to contact (e.g., name, business name, address, email, phone number); information for

the calls themselves, including the phone number called, the date and time of the call, and the notes regarding call (e.g., no answer, message left, spoke with contact, etc.); any Documents showing the prior express consent of the called party to be called.

21. Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode, or option the dialing system was in when it made each of the calls.

22. Documents showing informal complaints, demands, lawsuits, settlements, enforcement actions, and investigations related to telemarketing practices of You or Your business partners or clients, since May 10, 2017.

23. Documents describing Your policies and procedures for making the telephone calls, since May 10, 2017, where the Person called previously expressed that they did not wish to receive calls from You or on Your behalf.

24. Documents representing the database of consumers You store, whether or not based on information transferred to You by third parties in the same manner as the information relating to Plaintiff's phone number was received, since May 10, 2017.

25. Documents relating to and describing the operation, installation, and/or specifications of any and all equipment and systems used to make telephone calls to consumers, including but not limited to Perfect Pitch technology, by You or any third party on Your behalf (whether exclusively or not).

26. Call detail logs in their original electronic format for calls placed by You or on Your behalf (whether exclusively or not) to promote or sell goods or services of Defendants (whether or not exclusively), since May 10, 2017. Responsive Documents include all calls made by You or on Your behalf, the originating telephone number, the date, time, and duration of the

call, the telephone to which each such call was made or attempted to be made, whether the telephone number is a cellular telephone number, the script for such call, the name of the person called, whether the person called had previously asked not to be called, the name and unique identifier number(s)/designation(s) associated with the intended recipient and the call.

27.     To the extent You claim that You had consent or permission for placing the calls, produce all Documents that identify:

a.     Any writings evidencing that consent or permission;

b.     Documents that evidence a clear and conspicuous statement that informed consumer of their right to withdraw their consent to receive telemarketing calls and the procedures that they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

28.     For any and all websites that You claim constitute or provide consent or permission, produce:

a.     Documents that identify the websites and specific web pages on websites that You claim constitute or provide consent or permission;

b.     All access, server, and error logs, and security and fraud alerts during the period You claim visits to the website(s) occurred that constitute consent or permission;

c.     All architectural diagrams, wireframes, and application mockups;

d.     All Documents that identify the affiliates compensated directly or indirectly by You for each purportedly consenting consumer or record;

e.     All Documents that identify the referring URL from which each purportedly consenting consumer came to such website;

f.      All Documents that identify any vendor or company used by such website or its owner or operator for visitor traffic reporting, including any search engine optimization or internet marketing consultants;

g.      All Documents that identify the bandwidth usage for any such website during the period You claim visits to or actions on that website constituted consent or permission to contact any person;

h.      All Documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each such website;

i.      All Documents purporting to record, reflect, or show all "lead events," Compliance Reports, and Visual Playback, occurring on such website; and

j.      If You claim any documents requested are not in Your possession, custody, or control, produce all Documents that identify Persons who possess or control such Documents, specifying which category of Documents are in which Party's possession, custody, or control.

29.     Documents You provide to third parties who make calls on Your behalf (whether exclusively or not).

30.     Documents You provide to Persons on whose behalf calls are placed (whether exclusively or not).

31.     Documents relating to due diligence, audits, inspections, certifications of compliance, oversight, and monitoring of Your outbound telephone calling activities and those of persons placing calls on Your behalf (whether exclusively or not).

32.     All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights.

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Robin Black | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-3745 |
| First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       BoomSourcing LLC c/o Registered Agent Jacob Munns
2426 S. 2500 E, Salt Lake City, UT 84043

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached.

| Place: | Date and Time: |
|---|---|
| | 03/24/2022 9:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       02/22/2022

CLERK OF COURT

                                                        OR

_____        _____
*Signature of Clerk or Deputy Clerk*                      Thomas A. Zimmerman, Jr.
                                                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Robin Black                                      , who issues or requests this subpoena, are:

Thomas A. Zimmerman, Jr., 77 W. Washington St, Ste 1220, Chicago, IL 60602 tom@attorneyzim.com, (312) 440-0020

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:21-cv-3745

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| ROBIN BLACK, individually, and on  behalf of all others similarly situated, | Case No.:  21-cv-3745 |
| Plaintiff, | **SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION** |
| v. | |
| FIRST IMPRESSION INTERACTIVE, INC., an Illinois corporation; JEFFREY GILES, an individual; and DALE BROWN, an individual, | |
| Defendants. | |

# **DEFINITIONS**

Any references "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Plaintiff", "Plaintiff's", or "Plaintiffs" shall be treated as referring to each and every Plaintiff named within this lawsuit, individually and collectively, as may be appropriate. Any references to "Respondent", "YOU" or "YOUR" means BoomSourcing BPO LLC, as well as its officers, members, manager, directors, employees, agents, representatives and/or any and all persons acting or purporting to act on its behalf, as well as any predecessor entities that may be in possession of discoverable information. As used in these Document Requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following discovery requests, Respondent shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Respondent shall state the legal basis for the privilege Respondent is invoking and provide a detailed log to support the invocation of such privilege.

Each and every discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Respondent is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these Document Requests incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiff's counsel.

As used in these discovery requests, the term "DOCUMENT" or "DOCUMENTS " means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Respondent, which Respondent has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough-drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible

things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

## **INSTRUCTIONS**

1.      Each Document Request shall be answered fully and in writing, and where requested, by the applicable rules, under oath.

2.      The terms "and" or "or shall mean and include both the conjunctive and the disjunctive.

3.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Document Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

4.      If, in answering these Document Requests, you encounter any ambiguity in construing a Document Request, or a definition or instruction relevant to the inquiry contained therein, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Document Request.

5.      In answering these Document Requests, furnish such information as is available to you, not merely such information as is within your knowledge.  This means that you are to furnish information that is known by, available to, or in the possession of your affiliates, employees, servants, or agents, including your attorney or any agent for you or your attorney (unless privileged).

6.      If you object to any Definition or Instruction or to any of the specific Document Requests set forth below, the precise grounds of your objection(s) shall be stated, with particularity.  If any objection rests in whole or in part of a claim of privilege, the privilege claims should be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

7.      If you object to or claim a privilege with respect to only a portion of a given Document Request, you are requested to answer that portion of the Document Request as to which you have no objection or claim of privilege.

8.      All Documents and electronic data shall be produced in a sortable, filterable, searchable format. Any .pdf documents shall be produced in OCR and searchable format.

9.      The time period in question includes July 14, 2017 to the present day. Your search for responsive documents should cover periods prior to July 14, 2017, as appropriate to include documents that refer to facts and circumstances, are effective during, or contain responsive information relating to July 14, 2017 to the present day.

## DOCUMENT REQUESTS

Pursuant to Rule 45 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Respondent produce within thirty (30) days, the Documents requested herein:

1.      Documents relating to Plaintiff, Plaintiff's phone number ███████8324, including but not limited to all records of telephone calls made or attempted to ████████, all notes of conversations with Plaintiff, all recordings, notes, and notations regarding Plaintiff, including from any software, websites or customer relationship management or related databases that You use.

2.      Documents You contend demonstrate consent to be called for Plaintiff or for the phone number ██████-8324.

3.      Documents demonstrating revocation of consent to be called by Plaintiff or for the phone number ██████-8324.

4.      Documents containing any reference to "Robin Black."

5.      Documents containing any reference to Lead ID ██████████████ ████████1.

4

6.      Documents containing any reference to Lead ID █████████████████
████████

7.      Documents containing any reference to Lead ID █████████████████
████████.

8.      Documents containing any reference to the email address
████████horpepiano.com.

9.      Documents containing any reference to the IP address ████████.

10.     Documents containing any reference to the website youremployment.com, including Documents sufficient to identify its owner or operator or Persons involved with its operation.

11.     Documents You sent to Defendants.

12.     Documents You received from Defendants.

13.     Documents referencing communications, agreements, and interactions between You and Defendants.

12.     Documents relating to the record and events from which Lead ID ████████ ████████████████ arose, including all lead events, Compliance Reports, and Visual Playback.

13.     Documents relating to the record and events from which Lead ID ████████ ████████████████ arose, including all lead events, Compliance Reports, and Visual Playback.

14.	Documents relating to the record and events from which Lead ID ███████ ██████████████████ arose, including all lead events, Compliance Reports, and Visual Playback.

15.	Documents relating to and/or regarding your policies and procedures related to compliance with telemarketing laws and regulations, and the TCPA Do-Not-Call Registry, including Your Internal Do-Not-Call List.

16.	Documents and communications exchanged between You and any persons transferring calls or lead data to You, including prior negotiations, promotional material, contracts, guidelines, invoices, receipts, sales reports, and correspondence between You and such other Persons.

17.	Documents relating to communications regarding Lead Intelligence, Inc. d/b/a Jornaya, including internal communications, emails, slideshows, word processing documents, text messages, calendar entries, meeting notes, voicemails, video conference logs, and the like.

18.	Documents, electronically stored information, or communications related to the sale, offer to sell, or marketing of goods, products, or services sold by You on Your own or on behalf of others.

19.	Documents showing all leads generated and/or calls placed by You or on Your behalf (whether exclusively or not), whether or not such call was transferred to You.

20.	Documents reflecting any call (including attempted call) or text message made by You or any call center or other vendor of Yours, or to generate leads (even if You were not the exclusive buyer or beneficiary of said leads), or that could have generated a lead for You. Responsive Documents include Documents containing identifying information of the Persons You were trying to contact (e.g., name, business name, address, email, phone number); information for

the calls themselves, including the phone number called, the date and time of the call, and the notes regarding call (e.g., no answer, message left, spoke with contact, etc.); any Documents showing the prior express consent of the called party to be called.

21.     Documents that identify any recorded message (including but not limited to the audio files of any such messages), the dialing mode, or option the dialing system was in when it made each of the calls.

22.     Documents showing informal complaints, demands, lawsuits, settlements, enforcement actions, and investigations related to telemarketing practices of You or Your business partners or clients, since May 10, 2017.

23.     Documents describing Your policies and procedures for making the telephone calls, since May 10, 2017, where the Person called previously expressed that they did not wish to receive calls from You or on Your behalf.

24.     Documents representing the database of consumers You store, whether or not based on information transferred to You by third parties in the same manner as the information relating to Plaintiff's phone number was received, since May 10, 2017.

25.     Documents relating to and describing the operation, installation, and/or specifications of any and all equipment and systems used to make telephone calls to consumers, including but not limited to Perfect Pitch technology, by You or any third party on Your behalf (whether exclusively or not).

26.     Call detail logs in their original electronic format for calls placed by You or on Your behalf (whether exclusively or not) to promote or sell goods or services of Defendants (whether or not exclusively), since May 10, 2017. Responsive Documents include all calls made by You or on Your behalf, the originating telephone number, the date, time, and duration of the

call, the telephone to which each such call was made or attempted to be made, whether the telephone number is a cellular telephone number, the script for such call, the name of the person called, whether the person called had previously asked not to be called, the name and unique identifier number(s)/designation(s) associated with the intended recipient and the call.

27.     To the extent You claim that You had consent or permission for placing the calls, produce all Documents that identify:

        a.     Any writings evidencing that consent or permission;

        b.     Documents that evidence a clear and conspicuous statement that informed consumer of their right to withdraw their consent to receive telemarketing calls and the procedures that they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

28.     For any and all websites that You claim constitute or provide consent or permission, produce:

        a.     Documents that identify the websites and specific web pages on websites that You claim constitute or provide consent or permission;

        b.     All access, server, and error logs, and security and fraud alerts during the period You claim visits to the website(s) occurred that constitute consent or permission;

        c.     All architectural diagrams, wireframes, and application mockups;

        d.     All Documents that identify the affiliates compensated directly or indirectly by You for each purportedly consenting consumer or record;

        e.     All Documents that identify the referring URL from which each purportedly consenting consumer came to such website;

f.      All Documents that identify any vendor or company used by such website or its owner or operator for visitor traffic reporting, including any search engine optimization or internet marketing consultants;

g.      All Documents that identify the bandwidth usage for any such website during the period You claim visits to or actions on that website constituted consent or permission to contact any person;

h.      All Documents that identify the website host(s) for any website responsive to any of the foregoing and the dates each host was active for each such website;

i.      All Documents purporting to record, reflect, or show all "lead events," Compliance Reports, and Visual Playback, occurring on such website; and

j.      If You claim any documents requested are not in Your possession, custody, or control, produce all Documents that identify Persons who possess or control such Documents, specifying which category of Documents are in which Party's possession, custody, or control.

29.     Documents You provide to third parties who make calls on Your behalf (whether exclusively or not).

30.     Documents You provide to Persons on whose behalf calls are placed (whether exclusively or not).

31.     Documents relating to due diligence, audits, inspections, certifications of compliance, oversight, and monitoring of Your outbound telephone calling activities and those of persons placing calls on Your behalf (whether exclusively or not).

32.     All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights.

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN District of Illinois

Case Number: 1:21-CV-3745

Plaintiff:
**Robin Black**

vs.

Defendant:
**First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown**

For:
THOMAS A. ZIMMERMAN, JR.
77 W. Washington St, Ste 1220
CHICAGO, IL 60602

Received by GUARANTEED SUBPOENA SERVICE, INC. on the 22nd day of February, 2022 at 12:50 pm to be served on **BOOMSOURCING BPO LLC R/A JACOB MUNNS, 3451 N. TRIUMPH BLVD. STE. 203, LEHI, UT 84043**.

I, RYAN CONDIE, being duly sworn, depose and say that on the **25th day of February, 2022** at **12:09 pm, I:**

Served the within named **CORPORATION** by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, SCHEDULE A TO SUBPOENA TO PRODUCEDOCUMENTS** with the date and hour of service endorsed thereon by me to JACOB MUNNS as **Registered Agent** of the within named corporation, in compliance with state statutes.

**Description** of Person Served: Age: 55, Sex: M, Race/Skin Color: White, Height: 6'1", Weight: 180, Hair: Light Brown, Glasses: N

I am over the age of 21 and have no interest in the above action. I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was executed. Pursuant to Utah Code Annotated 78B-18a-101 et seq., with the statutory declaration statement form as set forth in 78B-18a-106, I declare under criminal penalty that the foregoing is true and correct.



**HEIDI ANDERSON**
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 01/01/2025
Commission # 715926

RYAN CONDIE
Process Server

Subscribed and Sworn to before me on the 28th day of February, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**GUARANTEED SUBPOENA SERVICE, INC.**
**2009 Morris Avenue**
**Union, NJ 07083**
**(800) 672-1952**

Our Job Serial Number: AND-2022000575
Ref: 20220222140806

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1m

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN District of Illinois

Case Number: 1:21-CV-3745

Plaintiff:
**Robin Black**

vs.

Defendant:
**First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown**

For:
THOMAS A. ZIMMERMAN, JR.
77 W. Washington St, Ste 1220
CHICAGO, IL 60602

Received by GUARANTEED SUBPOENA SERVICE, INC. on the 22nd day of February, 2022 at 12:50 pm to be served on **BOOMSOURCING BPO LLC R/A JACOB MUNNS, 3451 N. TRIUMPH BLVD. STE. 203, LEHI, UT 84043.**

I, RYAN CONDIE, being duly sworn, depose and say that on the **25th day of February, 2022** at **12:09 pm, I:**

Served the within named **CORPORATION** by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, SCHEDULE A, DOCUMENT REQUESTS** with the date and hour of service endorsed thereon by me to JACOB MUNNS as **Registered Agent** of the within named corporation, in compliance with state statutes.

**Description** of Person Served: Age: 55, Sex: M, Race/Skin Color: White, Height: 6'1", Weight: 180, Hair: Light Brown, Glasses: N

I am over the age of 21 and have no interest in the above action. I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was executed. Pursuant to Utah Code Annotated 78B-18a-101 et seq., with the statutory declaration statement form as set forth in 78B-18a-106, I declare under criminal penalty that the foregoing is true and correct.

HEIDI ANDERSON
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 01/01/2025
Commission # 715926

Subscribed and Sworn to before me on the 28th day of February, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

**RYAN CONDIE**
Process Server

**GUARANTEED SUBPOENA SERVICE, INC.**
**2009 Morris Avenue**
**Union, NJ 07083**
**(800) 672-1952**

Our Job Serial Number: AND-2022000578
Ref: 20220222155437

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1m

# Exhibit C


## Re: Black v First Impression - Subpoena to Boomsourcing
1 message

**Chris Wixom** <chris@allenlawyer.com>                                    Tue, Apr 5, 2022 at 4:14 PM
To: Tom Zimmerman <tom@attorneyzim.com>, Matt Pitts <matt@allenlawyer.com>
Cc: Eric Allen <eric@allenlawyer.com>, Blake Jeff <jeff@attorneyzim.com>

Mr. Zimmerman,

Eric Allen is currently in the hospital and unable to provide the response to this subpoena. Eric's law partner, Matt Pitts (copied), will be providing a response this week.

Thank you,

Chris Wixom, Paralegal and Director of Licensing
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this communication in error, please notify the sender and destroy.

**From:** Tom Zimmerman <tom@attorneyzim.com>
**Sent:** Thursday, March 24, 2022 3:06 PM
**To:** Chris Wixom <chris@allenlawyer.com>
**Cc:** Eric Allen <eric@allenlawyer.com>; Blake Jeff <jeff@attorneyzim.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Agreed.

Tom Zimmerman

On Mar 24, 2022, at 4:01 PM, Chris Wixom <chris@allenlawyer.com> wrote:

Mr. Zimmerman,

My office represents Boomsourcing and has been working on reviewing and compiling the information and documents requested in your subpoena served on February 25, 2022. Attorney Eric Allen has been ill this last week and an extension of two weeks would be greatly appreciated. Please confirm if this is fine with you. I have attached a copy of the subpoena for reference.

Thank you,

Chris Wixom, Paralegal and Director of Licensing
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21

**1**

Salt Lake City, Utah 84117
Phone (801) 930-1117

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this communication in error, please notify the sender and destroy.


## Re: Black v First Impression - Subpoena to Boomsourcing
1 message

**Eric Allen** <eric@allenlawyer.com>                                    Fri, Jul 8, 2022 at 12:28 PM
To: Jeff Blake <jeff@attorneyzim.com>
Cc: Chris Wixom <chris@allenlawyer.com>, Max Morgan <max.morgan@theweitzfirm.com>

Jeff, I think the logs can be produced by the 15th, along with some other easier items like contracts, IOs and invoicing. For communications/emails, they have identified roughly 70,000 emails exchanged between Boom & F.I. That isn't astronomical, but we will need to perform a manual review to exclude emails which are irrelevant or privileged, which could take some time, even if we engage a vendor for that. I'll put together a proposed search-term list next week. Call recordings, if you want them, may be the biggest challenge. They estimate that they have archived roughly 750 million F.I.-related call recordings. They would need to hire a contractor to write special scripting to download all of those, which would be costly and could take several months, if it can be done at all. Do you have time for a call Monday or Tuesday afternoon?

Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile (801) 907-5351

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this in error, please notify the sender and destroy. Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Tuesday, July 5, 2022 8:26 AM
**To:** Eric Allen <eric@allenlawyer.com>
**Cc:** Chris Wixom <chris@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Eric,

Thanks for the update. The timeline on the production of the call logs and contractual documents seems appropriate. Do you think those items will be produced by or before July 15th?

In response to your proposal for search terms to search emails, I am not against the idea on its face, but I would need to understand the circumstances warranting such a proposal. Are you available tomorrow at 3 pm Central to discuss? We invite you to provide us with terms you propose be searched. That would certainly facilitate discussion. If you'd like some time to provide us with the search terms, we can push the call back to Thursday or Friday at a time that is mutually available.

Thanks,

Jeff

On Tue, Jun 28, 2022 at 1:52 PM Eric Allen <eric@allenlawyer.com> wrote:

**3**

Jeff, I spoke with my client and they have already begun the larger call log pull of all F.I.-related logs going back to July 14, 2017. They have also begun searching for all call recordings that may still exist going back to that date. They estimate having the call logs and recordings ready to produce within the next 2 weeks, along with certain other documents, including contracts, invoicing and IOs, and a log column key. The communications, however, will take at least 30 more days to identify and compile, if it can be done at all. We would like to discuss the possibility of negotiating a reasonable email search-term list. Please let me know your thoughts on that, when convenient.

I also have the following requested follow-up information to provide to you CONFIDENTIALLY at this time:



Thank you,

Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile (801) 907-5351

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this in error, please notify the sender and destroy. Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.

---

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Monday, June 27, 2022 9:47 AM
**To:** Eric Allen <eric@allenlawyer.com>
**Cc:** Chris Wixom <chris@allenlawyer.com>; Matt Pitts <matt@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Thanks, Eric.

On Mon, Jun 27, 2022 at 10:29 AM Eric Allen <eric@allenlawyer.com> wrote:
  I appreciate the reminder. I will follow up with my client today and get back to you by tomorrow.

Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile (801) 907-5351

---

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Monday, June 27, 2022 8:57:27 AM
**To:** Eric Allen <eric@allenlawyer.com>
**Cc:** Chris Wixom <chris@allenlawyer.com>; Matt Pitts <matt@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Counsel,

I do not believe I've received a response to my email of June 17. Please acknowledge receipt of the email and attachment and let me know when your client anticipates producing responsive documents.

Thank you,

Jeff

On Fri, Jun 17, 2022 at 3:26 PM Jeff Blake <jeff@attorneyzim.com> wrote:
> Eric, Chris, and Matt,
>
> Attached you will find the agreed confidentiality order entered by the Court in Black v. First Impression Interactive, Inc., No. 1:21-cv-3745 (N.D. Ill.). Please give an update on when you can provide the outstanding documents responsive to the subpoena.
>
> If you have any questions or concerns, please do not hesitate to contact me.
>
> Thanks and have a nice weekend.
>
> Jeff
>
> On Tue, May 17, 2022 at 3:16 PM Jeff Blake <jeff@attorneyzim.com> wrote:
>> Thanks, Eric. We'll forward the signed version from the Court when/as entered.
>>
>> Jeff
>>
>> On Tue, May 17, 2022 at 3:12 PM Eric Allen <eric@allenlawyer.com> wrote:
>>> This looks fine guys.  Thanks.
>>>
>>> Eric Allen, Law Partner
>>> ALLEN, MITCHELL & ALLEN PLLC
>>> 2091 E. Murray Holladay Road, Suite 21
>>> Salt Lake City, Utah 84117
>>> Phone (801) 930-1117
>>> Mobile (801) 907-5351
>>>
>>> This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this in error, please notify the sender and destroy. Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.
>>>
>>> ---
>>>
>>> **From:** Eric Allen <eric@allenlawyer.com>
>>> **Sent:** Friday, May 13, 2022 10:45 AM

**5**

**To:** Jeff Blake <jeff@attorneyzim.com>
**Cc:** Chris Wixom <chris@allenlawyer.com>; Matt Pitts <matt@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Thanks. I will take a look. Have a great weekend,


Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile(801) 907-5351

---

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Friday, May 13, 2022 10:16:02 AM
**To:** Eric Allen <eric@allenlawyer.com>
**Cc:** Chris Wixom <chris@allenlawyer.com>; Matt Pitts <matt@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Eric,

Thanks again for speaking with Max and me the other day.

One of the things we discussed was Boom Sourcings' intention to produce additional responsive documents upon entry of a confidentiality order in the case. Attached you will find a confidentiality order we intend to propose be entered. It is based off the model confidentiality order provided by the Court. Redlines show deviations from the model. Please let us know if you have questions or concerns.

Thanks,

Jeff

On Mon, May 9, 2022 at 6:42 PM Jeff Blake <jeff@attorneyzim.com> wrote:
> Eric,
>
> Thanks. I'll call you then.
>
> Jeff

> > On May 9, 2022, at 5:31 PM, Eric Allen <eric@allenlawyer.com> wrote:
> >
> >
> > Yes, can you do tomorrow 4pm central (3pm mountain)?  If so, just call our office then and ask for me.
> >
> > Eric Allen, Law Partner
> > ALLEN, MITCHELL & ALLEN PLLC
> > 2091 E. Murray Holladay Road, Suite 21
> > Salt Lake City, Utah 84117
> > Phone (801) 930-1117
> > Mobile (801) 907-5351

**6**

This email is confidential and may be protected by the attorney client privilege  If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this in error, please notify the sender and destroy  Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.

---

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Monday, May 9, 2022 9:26 AM
**To:** Eric Allen <eric@allenlawyer.com>
**Cc:** Tom Zimmerman <tom@attorneyzim.com>; Chris Wixom <chris@allenlawyer.com>; Matt Pitts <matt@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Eric, Chris, and Matt,

Are you available between 1 and 5 pm Central tomorrow to di cu    the Boom Sourcing subpoena response?

Thanks,

Jeff Blake

On Fri, Apr 8, 2022 at 12:37 PM Eric Allen <eric@allenlawyer.com> wrote:

Tom, we should have documents from the client today - logs and the like. We just need time to review them today and tomorrow and get them to you.  Can we have Monday on this response?  Appreciated.

Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile (801) 907 5351

This email is confidential and may be protected by the attorney client privilege  If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this in error, please notify the sender and destroy  Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.

---

**From:** Tom Zimmerman <tom@attorneyzim.com>
**Sent:** Thursday, March 24, 2022 3:06 PM
**To:** Chris Wixom <chris@allenlawyer.com>
**Cc:** Eric Allen <eric@allenlawyer.com>; Blake Jeff <jeff@attorneyzim.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing

Agreed

Tom Zimmerman

On Mar 24, 2022, at 4:01 PM, Chris Wixom <chris@allenlawyer.com> wrote:


Mr. Zimmerman,

My office represents Boomsourcing and has been working on reviewing and compiling the information and documents requested in your subpoena served on February 25, 2022. Attorney Eric Allen has been ill this last week and an extension of two weeks would be greatly appreciated. Please confirm if this is fine with you. I have attached a copy of the subpoena for reference.

Thank you,

Chris Wixom, Paralegal and Director of Licensing
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this communication in error, please notify the sender and destroy.


## Re: Black v First Impression - Subpoena to Boomsourcing - CONFIDENTIAL Production

1 message

**Eric Allen** <eric@allenlawyer.com>           Fri, Jul 29, 2022 at 2:36 PM
To: Jeff Blake <jeff@attorneyzim.com>, Chris Wixom <chris@allenlawyer.com>
Cc: Max Morgan <max.morgan@theweitzfirm.com>

Let me speak with my client Monday/Tuesday about the next estimated production and get back to you. Have a good weekend!

Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile (801) 907-5351

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this in error, please notify the sender and destroy. Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.

---

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Friday, July 29, 2022 1:35 PM
**To:** Chris Wixom <chris@allenlawyer.com>
**Cc:** Eric Allen <eric@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing - CONFIDENTIAL Production

Eric and Chris,

Can you provide us an update on the status of the call logs and ESI?

Thanks,

Jeff

On Fri, Jul 15, 2022 at 3:54 PM Chris Wixom <chris@allenlawyer.com> wrote:
> Confirmed. Have a nice weekend.
>
> Chris Wixom, Paralegal and Director of Licensing
> ALLEN, MITCHELL & ALLEN PLLC
> 2091 Murray Holladay Road, Suite 21
> Salt Lake City, Utah 84117
> Phone (801) 930-1117
> Cell (801) 425-1412
> This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this communication in error, please notify the sender and destroy.

> **From:** Jeff Blake <jeff@attorneyzim.com>
> **Sent:** Friday, July 15, 2022 2:53 PM

**9**

**To:** Chris Wixom <chris@allenlawyer.com>
**Cc:** Eric Allen <eric@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v First Impression - Subpoena to Boomsourcing - CONFIDENTIAL Production

Received and thank you. Please confirm that the production today consists of three pdf files named (1) First_Impressions_-_Master_Service_agreement; (2) January 2020 - April 2022; and (3) July 2017 -december 2019.

On Fri, Jul 15, 2022 at 3:37 PM Chris Wixom <chris@allenlawyer.com> wrote:

Jeff,

The production outlined by Eric in his previous email can be downloaded through the links attached to this email. Please let me know if you are unable to download the information.

Thank you,

Chris Wixom, Paralegal and Director of Licensing
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Cell (801) 425-1412

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is prohibited. If you have received this communication in error, please notify the sender and destroy.

---

**From:** Eric Allen <eric@allenlawyer.com>
**Sent:** Friday, July 15, 2022 2:32 PM
**To:** Jeff Blake <jeff@attorneyzim.com>
**Cc:** Chris Wixom <chris@allenlawyer.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Black v First Impression - Subpoena to Boomsourcing - CONFIDENTIAL Production

Jeff - today, Chris in my office (copied) will provide you with a secure download link where you can retrieve additional production related to your subpoena.  This will include contracts/IOs and invoicing.  Please retrieve the records within the next week as we will deactivate the link at that time.  The logs have finally been compiled, but the file is massive, and I still cannot open it myself to review it.  The calls, inbound and outbound combined, total in the billions, apparently.  We will need additional time, probably at least one week, for me to do that, but I will keep you informed.  We may need to provide the logs to you on a hard drive so you will have enough time to successfully download them.  I am told the Plaintiff's telephone number is contained in the logs 7 times (6 outbound calls and 1 inbound).  I will also follow up with you soon regarding our proposed communications/email key search terms list.

The documents being produced today are confidential in nature and the folder names reflect that.  Please maintain all of the individual records as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under the current protective order, even if individual pages could not be labeled as such (they are in their native, electronic format).  This will be the same for the logs themselves, once we produce them - we will produce them in their electronic format and so there are no "pages" to mark or bates stamp.  Thank you.


Eric Allen, Law Partner
ALLEN, MITCHELL & ALLEN PLLC
2091 E. Murray Holladay Road, Suite 21
Salt Lake City, Utah 84117
Phone (801) 930-1117
Mobile (801) 907-5351

**10**

This email is confidential and may be protected by the attorney-client privilege. If you are not the intended recipient, any disclosure or copying is proh bited. If you have received this in error, please notify the sender and destroy. Admitted in Utah only, but regularly admitted *pro hac vice* in many other courts around the country to litigate TCPA and similar cases.



## Fwd: -black v first impressions (subpoena to boomsourcing llc)
1 message



Begin forwarded message:

**From:** "David J. Kaminski" <kaminskid@cmtlaw.com>
**Date:** August 31, 2022 at 7:57:51 AM GMT+1
**To:** tom@attorneyzim.com
**Cc:** Stephen Watkins <watkinss@cmtlaw.com>
**Subject: -black v first impressions (subpoena to boomsourcing llc)**

Dear Tom:

I am counsel for Boomsourcing. Please let me know when we can speak about this matter. Thank you and much appreciated.

Regards,

David J. Kaminski, Esq.

*Partner and Chair of the Financial Services and Class Action Group*

CARLSON & MESSER LLP

5901 W. Century Boulevard, Suite 1200

Los Angeles, CA 90045

310-242-2200 Main

310-242-2204 Direct

310-242-2222 Fax

**12**

kaminskid@cmtlaw.com



THE INFORMATION CONTAINED IN THIS E--MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY--CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E--MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.



## Re: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)

1 message

---

**David J. Kaminski** <kaminskid@cmtlaw.com>                      Fri, Oct 7, 2022 at 10:41 AM
To: Max Morgan <max.morgan@theweitzfirm.com>
Cc: Roberta Espinoza <espinozar@cmtlaw.com>, Jeff Blake <jeff@attorneyzim.com>, Stephen Watkins
<watkinss@cmtlaw.com>, "Eric H. Weitz" <eric.weitz@theweitzfirm.com>, Thomas A Zimmerman Jr
<tom@attorneyzim.com>

Max,

We updated call to 4:30 pm(EST)/ 1:30 pm(PST).

Regards,

David J. Kaminski, Esq.

*Partner and Chair of the Financial Services and Class Action Group*

CARLSON & MESSER LLP
5901 W. Century Boulevard, Suite 1200
Los Angeles, CA 90045
310-242-2200 Main
310-242-2204 Direct
310-242-2222 Fax

kaminskid@cmtlaw.com

THE INFORMATION CONTAINED IN THIS E--MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND
CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY--CLIENT
COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS
NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION,
FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY
BY REPLY E--MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM
YOUR SYSTEM. THANK YOU.

On Oct 7, 2022, at 6:09 AM, Max Morgan <max.morgan@theweitzfirm.com> wrote:

Roberta:

I have a conflict now at 3:00pm EST. Can we please push back to 4:30 or 5 EST?

Max

**From:** Roberta Espinoza <espinozar@cmtlaw.com>
**Sent:** Monday, October 3, 2022 5:25 PM
**To:** Max Morgan <max.morgan@theweitzfirm.com>; David J. Kaminski <kaminskid@cmtlaw.com>; Jeff Blake <jeff@attorneyzim.com>
**Cc:** Stephen Watkins <watkinss@cmtlaw.com>; Eric H. Weitz <eric.weitz@theweitzfirm.com>; Thomas A Zimmerman Jr <tom@attorneyzim.com>
**Subject:** RE: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)


Max,


An invite has been sent.


Thank you,

**Roberta Espinoza**

***Executive Administrative Assistant*** to:

**David J. Kaminski, Esq. Partner**

**CARLSON & MESSER LLP**

**5901 West Century Boulevard,** *Suite 1200*

*Los Angeles, CA 90045*

***310-242-2245 Direct Line***

**EspinozaR@cmtlaw.com**


THE INFORMATION CONTAINED IN THIS E--MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY--CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E--MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.


**From:** Max Morgan <max.morgan@theweitzfirm.com>
**Sent:** Monday, October 3, 2022 2:20 PM
**To:** Roberta Espinoza <espinozar@cmtlaw.com>; David J. Kaminski <kaminskid@cmtlaw.com>; Jeff Blake <jeff@attorneyzim.com>
**Cc:** Stephen Watkins <watkinss@cmtlaw.com>; Eric H. Weitz <eric.weitz@theweitzfirm.com>; Thomas A Zimmerman Jr <tom@attorneyzim.com>
**Subject:** RE: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)


That works, Roberta. Thank you.

**From:** Roberta Espinoza <espinozar@cmtlaw.com>
**Sent:** Monday, October 3, 2022 5:19 PM
**To:** Max Morgan <max.morgan@theweitzfirm.com>; David J. Kaminski <kaminskid@cmtlaw.com>; Jeff Blake <jeff@attorneyzim.com>
**Cc:** Stephen Watkins <watkinss@cmtlaw.com>; Eric H. Weitz <eric.weitz@theweitzfirm.com>; Thomas A Zimmerman Jr <tom@attorneyzim.com>
**Subject:** RE: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)


Dear Max,


I will send out an invite for Friday, October 7, 2022 @ 3 pm (EST)/ 12 pm (PST).  Will that time work for you?  I will wait for your response.


Thank you,

**Roberta Espinoza**

*Executive Administrative Assistant* to:

**David J. Kaminski, Esq. Partner**

**CARLSON & MESSER LLP**

**5901 West Century Boulevard,** *Suite 1200*

*Los Angeles, CA  90045*

*310-242-2245 Direct Line*

**EspinozaR@cmtlaw.com**


THE INFORMATION CONTAINED IN THIS E--MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY--CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E--MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Max Morgan <max.morgan@theweitzfirm.com>
**Sent:** Monday, October 3, 2022 6:11 AM
**To:** David J. Kaminski <kaminskid@cmtlaw.com>; Jeff Blake <jeff@attorneyzim.com>
**Cc:** Stephen Watkins <watkinss@cmtlaw.com>; Eric H. Weitz <eric.weitz@theweitzfirm.com>; Thomas A Zimmerman Jr <tom@attorneyzim.com>; Roberta Espinoza <espinozar@cmtlaw.com>
**Subject:** RE: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)


David:

I hope you are feeling better.  I am available most of the day Friday.  Let me know what works for you if you want to hold a call.  I am also available today and am flexible.

However, can you please provide an update on the production?  We would like to know what the delay is and if there is something we can do to help expedite the process.  Prior counsel explained that the delay was due to the size of the files.  We are willing to engage a third party consultant if that is necessary to obtain the data.  Please let us know.

Regards,

Max

---

**From:** David J. Kaminski <kaminskid@cmtlaw.com>
**Sent:** Monday, October 3, 2022 5:24 AM
**To:** Max Morgan <max.morgan@theweitzfirm.com>; Jeff Blake <jeff@attorneyzim.com>
**Cc:** Stephen Watkins <watkinss@cmtlaw.com>; Eric H. Weitz <eric.weitz@theweitzfirm.com>; Thomas A Zimmerman Jr <tom@attorneyzim.com>; Roberta Espinoza <espinozar@cmtlaw.com>
**Subject:** RE: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)

Dear Max,

I have been out of the office due to illness and other matters.   I will also be out this week in part due to religious high holidays.

Let me know if you are available this Friday.   Thank you.

Regards,

David J. Kaminski, Esq.

*Partner and Chair of the Financial Services and Class Action Group*

CARLSON & MESSER LLP

5901 W. Century Boulevard, Suite 1200

Los Angeles, CA  90045

310-242-2200 Main

310-242-2204 Direct

310 242 2222 Fax

kaminskid@cmtlaw.com

<image001.png>

THE INFORMATION CONTAINED IN THIS E--MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E--MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Max Morgan <max.morgan@theweitzfirm.com>
**Sent** Thur day, September 29, 2022 2 06 PM
**To:** Jeff Blake <jeff@attorneyzim.com>; David J. Kaminski <kaminskid@cmtlaw.com>
**Cc:** Roberta Espinoza <espinozar@cmtlaw.com>; Stephen Watkins <watkinss@cmtlaw.com>; Eric H. Weitz <eric.weitz@theweitzfirm.com>; Thomas A Zimmerman Jr <tom@attorneyzim.com>
**Subject** RE Black v Fir t Impre ion Interactive, Inc , et al Subpoena to BoomSourcing, LLC @ 12 PM (PST)
**Importance:** High

David:

It has been nearly a month since we connected and many months since we were promised records from Boomsourcing by prior counsel. Can you please advise us of the status of the production. If we don't received the production that wa promi ed by ne t Friday, we will have to move to compel

Regard ,

Ma

**18**

&lt;image002.jpg&gt;

Max S. Morgan, Esquire

THE WEITZ FIRM, LLC

1515 Market Street #1100

Philadelphia, Pennsylvania  19102

O: 267-587-6240

D: 484-838-7227

F: 215-689-0875

max.morgan@theweitzfirm.com

www.theweitzfirm.com

---

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Thursday, September 8, 2022 3:56 PM
**To:** David J. Kaminski <kaminskid@cmtlaw.com>; Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Re: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC @ 12 PM (PST)

David,

As discussed, you will find our correspondence with prior counsel attached.

On Wed, Sep 7, 2022 at 6:58 PM David J. Kaminski <kaminskid@cmtlaw.com> wrote:

> **From:** Jeff Blake jeff@attorneyzim.com
> **Sent:** Wednesday, September 7, 2022 12:08 PM
> **To:** David J. Kaminski kaminskid@cmtlaw.com
> **Cc:** Stephen Watkins watkinss@cmtlaw.com; Max Morgan max.morgan@theweitzfirm.com; Roberta Espinoza espinozar@cmtlaw.com
> **Subject:** Re: Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC

One hour from now works.

On Wed, Sep 7, 2022 at 2:06 PM David J. Kaminski <kaminskid@cmtlaw.com> wrote:

What works for you today?

Regards,

**19**

David J. Kaminski, Esq.

*Partner and Chair of the Financial Services and Class Action Group*

CARLSON & MESSER LLP

5901 W. Century Boulevard, Suite 1200

Los Angeles, CA  90045

310-242-2200 Main

310-242-2204 Direct

310-242-2222 Fax

kaminskid@cmtlaw.com

<image001.png>

THE INFORMATION CONTAINED IN THIS E--MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY--CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E--MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Jeff Blake <jeff@attorneyzim.com>
**Sent:** Wednesday, September 7, 2022 10:14 AM
**To:** David J. Kaminski <kaminskid@cmtlaw.com>; Stephen Watkins <watkinss@cmtlaw.com>
**Cc:** Max Morgan <max.morgan@theweitzfirm.com>
**Subject:** Black v. First Impression Interactive, Inc., et al. - Subpoena to BoomSourcing, LLC

Hi David,

I am writing to follow up regarding our anticipated telephone call. Please let me know when you are available to talk.

Thank you,

Jeff

--

**Jeffrey Blake**

*jeff@attorneyzim.com*



ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220

Chicago, Illinois 60602

(312) 440-0020 tel | (312) 440-4180 fax

www.attorneyzim.com

---

**3 attachments**


**image001.png**
9K


**image002.jpg**
3K

**image003.jpg**
1K

# Exhibit D

Steven A. Christensen
Christensen Young & Associates, PLLC
9980 South 300 West #200
Sandy, UT 84070
Telephone: (801) 255-8727
Facsimile: (888) 569-2786
steven@christensenyounglaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated,<br><br>*Movant,*<br>v.<br><br>**BOOMSOURCING, LLC, and BOOMSOURCING BPO, LLC,**<br><br>*Respondents.* | Case No.:<br><br>**Judge**<br><br>**DECLARATIONOF JEFFREY D. BLAKE IN SUPPORT OF MOTION TO ENFORCE SUBPOENAS** |

I, JEFFREY D. BLAKE., hereby declare the following in support of Plaintiff's Motion to Enforce Subpoenas.

1.      I am an attorney duly licensed to practice law in the State of Illinois, and I am one of the attorneys representing Plaintiffs and the putative Class in the underlying matter *Robin Black v. First Impression Interactive, Inc., et al.*, Case No. 1:21-cv-3745 (N.D. Ill.).

2.      This declaration is based on personal knowledge of the matters set forth herein.

3.      On October 7, 2022, Plaintiff's counsel, including myself and Max S. Morgan, spoke on the telephone with BoomSourcing's new counsel, David Kaminski.

4.      During the call, BoomSourcing's counsel stated that producing the call logs (that their prior counsel had already compiled and promised to produce on July 15, 2022) would cost

BoomSourcing tens of thousands of dollars to compile and demanded that Plaintiff agree to pay these costs.

5.      Counsel for BoomSourcing also stated certain objections that Plaintiff was "not typical" of the class she sought to represent in the underlying matter, and surprisingly, took issue with the place for compliance indicated in the subpoenas, even after BoomSourcing had already produced numerous documents pursuant to the subpoenas, and had repeatedly promised in writing to produce more.

6.      Plaintiff's counsel pointed out to BoomSourcing that BoomSourcing had already made representations promising to produce certain items.

7.      Plaintiff's counsel gave BoomSourcing's counsel until October 12, 2022, to apprise Plaintiff's counsel of the status of production of the call logs and other items. Plaintiff's counsel has not received any response as of the filing of this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is executed on this 28th day of October 2022, in Naperville, Illinois.

s/ Jeffrey D. Blake