Steven A. Christensen, 5190
Christensen Young & Associates, PLLC
9980 South 300 West #200
Sandy, UT 84070
Telephone: (801) 676-6447
Facsimile: (888) 569-2786
steven@christensenyounglaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **ROBIN BLACK**, on behalf of herself and all others similarly situated,<br><br>*Movant*,<br>v.<br><br>**BOOMSOURCING, LLC, and BOOMSOURCING BPO, LLC,**<br><br>*Respondents*. | Case No.: 2:22-mc-00696-RJS-DBP<br><br>**Judge Robert J. Shelby**<br>**Magistrate Judge Dustin B. Pead**<br><br>**REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENAS** |

### REPLY IN SUPPORT OF MOTION TO ENFORCE SUBPOENAS

**I.      INTRODUCTION**

Both BoomSourcing entities (BoomSourcing, LLC and BoomSourcing BPO, LLC) were properly served with enforceable subpoenas to produce documents. Affidavits of service for both entities are attached hereto as Exhibit E. These establish proper service on February 25, 2022 via process server on Jacob Munns, who was the registered agent for *both* BoomSourcing entities on file with the Utah Secretary of State at the time the subpoenas were served. *See* Utah Secretary of

State, filed documents from BoomSourcing LLC, attached hereto as Exhibit F.[1] Bradley Call's denials are belied by the attorneys for BoomSourcing reaching out to Plaintiff's counsel in February 2022 to comply with the subpoenas and eventual production of documents, including contracts and invoices for services provided by BoomSourcing LLC. *See* Exhibit B at 1; *see also* excerpt of Invoice from "BoomSourcing LLC" to First Impression Interactive, attached hereto as Exhibit G.

Federal courts have uniformly rejected BoomSourcing LLC's argument that subpoenas for documents are unenforceable if they do not designate a place of compliance within 100 miles. *See Frank Buchanan*, 20-CV-00138-NDF, 2021 WL 7278901, at *3 (D. Wyo. June 8, 2021). Moreover, BoomSourcing LLC agreed to, and actually did, produce responsive documents electronically and made assurances that it would produce the other items of information subject to the motion to enforce subpoenas. This conduct amounted to a waiver of any objections to production of the requested materials.

The subpoenas seek relevant and proportionate responses. The information sought is central to the claims of Plaintiff and Class members in the underlying matter. BoomSourcing LLC's arguments to the contrary are unavailing. For the reasons set more fully below, the Motion to Enforce Subpoenas should be granted as to BoomSourcing LLC and BoomSourcing BPO LLC.

Of note, BoomSourcing BPO LLC has not filed a response to the Motion to Enforce Subpoenas, which was properly served via process server on its registered agent on November 3, 2022. Dkt. 11; *see also* Registered Agent of BoomSourcing BPO LLC on file with Utah Secretary of State, attached hereto as Exhibit J. Thus, the Motion to Enforce Subpoenas should be granted as to BoomSourcing BPO LLC.

---

[1] BoomSourcing BPO LLC does not challenge that it was properly served with the subpoena.

## II. ARGUMENT

### A. The Currently Pending Motion For Leave to File Second Amended Complaint in the Underlying Case Has no Bearing on the Relief Plaintiff Seeks Here

BoomSourcing LLC's request to stay Plaintiff's Motion to Enforce Subpoenas pending the resolution of Plaintiff's motion for leave to file the Second Amended Complaint in the underlying litigation has no law to support it and would only cause further delay—which is what BoomSourcing's tactic has been since the beginning. Even if BoomSourcing LLC were added to the underlying litigation, Plaintiff would seek and be entitled to the documents that are the subject to this Motion to Enforce Subpoenas. BoomSourcing LLC makes no argument that its addition to the underlying case would mean that the documents requested in the subpoena would no longer be relevant. Plaintiff initiated this proceeding to enforce the subpoenas and BoomSourcing's prior assurances and representations that certain items would be produced to Plaintiff. Granting the Motion to Enforce Subpoenas is appropriate and is warranted whether or not BoomSourcing LLC is added as a defendant in the underlying case.

BoomSourcing LLC's other arguments that go to the merits of the underlying litigation are not relevant to the Motion to Enforce Subpoenas. What matters for purposes of granting the Motion to Enforce Subpoenas is whether the subpoenas are enforceable (they are), and whether BoomSourcing LLC has waived objections to production of requested items through its voluntary actions and assurances to produce documents (it has).

Plaintiff is not seeking to enforce the subpoenas for any illegitimate reason, but merely to hold BoomSourcing LCC to its legal obligations, its prior agreement, and repeated assurances that it would produce the documents at issue. If BoomSourcing LLC complies with the subpoena, this

will streamline discovery in the underlying matter, and BoomSourcing LLC will not have to produce the documents twice, if added as a defendant in that case.

**B.    The Subpoenas for Documents Were Properly Served and Are Enforceable**

Plaintiff properly served the subpoenas on each BoomSourcing entity. The attached affidavits of service show that BoomSourcing LLC was served through its registered agent Jacob Munns on February 25, 2022. *See* Exhibit E. Jacob Munns was the registered agent for BoomSourcing LLC between October 8, 2019 and October 13, 2022. Thus, he was the registered agent for BoomSourcing LLC when the subpoena was served on BoomSourcing LLC. *See* Exhibits E and F.

In addition, the correspondence between Plaintiff's counsel and the attorneys with Allen Mitchell & Allen PLLC, and then Carlson & Messer LLP, show that BoomSourcing LLC had actual knowledge of the subpoena because the attorneys with Allen Mitchell & Allen PLLC, and then Carlson & Messer LLP, both acted on BoomSourcing LLC's behalf with respect to the subpoena. Indeed, the BoomSourcing LLC documents that were produced by Allen Mitchell & Allen PLLC pertain to a contract between BoomSourcing LLC and Defendants in the underlying matter, and BoomSourcing LLC's invoices to Defendants. *See e.g.*, excerpt of Invoice produced by Allen Mitchell and Allen PLLC on behalf of BoomSourcing LLC, attached hereto as Exhibit G. Furthermore, when Plaintiff's counsel was contacted by David Kaminski of Carlson & Messner LLP, Allen, Mitchell & Allen PLLC confirmed that "David took that over. I apologize – I thought I emailed you about that. Deal with David on the production going forward." *See* Email dated September 8, 2022, from Eric Allen, attached hereto as Exhibit H. Subsequently, David Kaminski sent an email to Plaintiff's counsel requesting an extension of time to file the response to Plaintiff's Motion to Enforce Subpoenas on behalf of BoomSourcing LLC. *See* Email dated November 11,

2022 from David Kaminski, attached hereto as Exhibit I ("This will confirm that you have graciously agreed to allow us to stipulate to an extension to respond to the Motion to Compel Subpoena on the part of BoomSourcing, LLC . . . . I will send you the DRAFT Stipulation shortly and our local counsel, Mark Swan will file."). These emails and actions show that BoomSourcing LLC was served and was engaged in responding to the subpoena.

BoomSourcing LLC cites no case law to support its contention that the 100-mile rule stands as an obstacle to enforcement of the subpoena for documents.

"Federal courts have universally upheld, as consistent with the Rule, th[e] production mode—in which the subpoenaed entity, at all times acting within 100 miles of its office, uploads documents for retrieval by counsel for the party who issued the subpoena." *Mackey v. IDT Energy, Inc.*, 19 MISC. 29(PAE), 2019 WL 2004280, at *4 (S.D.N.Y. May 7, 2019) (emphasizing the practical reality that production will typically be accomplished electronically or by mail).

Court in this District have "repeatedly acknowledged that where a subpoena does not require attendance of any witnesses, but only production of documents, there is no violation of the 100-mile limitation of Rule 45." *Frank Buchanan*, 20-CV-00138-NDF, 2021 WL 7278901, at *3 (D. Wyo. June 8, 2021); *Premier Election Sols., Inc. v. Systest Labs Inc.*, No. CIVA 09CV01822WDMKMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009); *Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1364984, at *3 (D. Kan. May 9, 2007).

The advisory committee notes to the 2013 amendments explain that the 100-mile rule can be waived, because as here, "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements." *See CSS, Inc.*

*v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017) (quoting Fed. R. Civ. P. 45, advisory committee notes to 2013 amendments).

As a court in Nevada concluded under similar circumstances, "[i]f SGM intended to invoke its objection based on the 100-mile provision, it should not have agreed to nevertheless produce documents electronically . . . ; instead, it should have filed a motion to quash and withheld production." *Youtoo Techs., LLC v. Twitter, Inc.*, 317CV00414LRHWGC, 2017 WL 4079403, at *2 (D. Nev. Sept. 14, 2017).

Here, BoomSourcing LLC did not file a motion to quash. It agreed to produce documents and information and string Plaintiff along on promises to produce more and assurances that more were being produced imminently. *See* Exhibit B, p. 10. Any objection was waived. *RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*, MC-20-6-D, 2020 WL 4194526, at *2 (W.D. Okla. July 21, 2020) ("a subpoenaed third party can waive the 100-mile requirement by agreeing to transmit production by electronic means").

The subpoena is valid and enforceable. Any objection based on the 100-mile rule was waived. Alternatively, the Court should modify the subpoenas to require compliance in Utah, at a location such as the offices of the undersigned counsel. Modification of a subpoena is preferred to quashing the subpoena in its entirety. Similar modifications to a subpoena have been allowed by federal courts. *See Dou v. Carillon Tower/Chicago LP*, 18 CV 7865, 2020 WL 5502345, at *2 (N.D. Ill. Sept. 11, 2020).

  **C.** **Call Logs, Communications, and Soundboard Technology Are Relevant**

As for the specific categories of requested documents—including the call detail records of phone calls placed on Defendants' behalf, BoomSourcing LLC's communications with Defendants, and documents describing the operation of the soundboard technology used to place calls to Plaintiff

and Class members—Plaintiff has met and conferred with BoomSourcing LLC's prior counsel at Allen, Mitchell and Allen, PLLC, who had agreed to produce these items, subject to reasonable limitations. *See* Exhibit C, at pp. 3–4. BoomSourcing LLC's prior counsel agreed to produce the call logs and even advised that the information was prepared, downloaded, and only needed to be saved to a storage device to be sent. Now, BoomSourcing LLC belatedly protests that the call logs are not relevant until class certification is granted. Courts have ruled that call logs are relevant, *Wesley v. Snap Finance, LLC*, 339, F.R.D. 277, 298–99 (D. Utah 2021), discovery is not bifurcated in this case, and BoomSourcing LLC's objection goes to when—not whether—the call logs should be produced.

BoomSourcing LLC also agreed to produce communications with Defendants. BoomSourcing LLC and Plaintiff might have come to an arrangement on the scope of the search, but BoomSourcing LLC's refusal to respond prevented an informal resolution. BoomSourcing LLC's unsupported claims to be a "relatively small company" having to produce "potentially thousands of emails" is insufficient to establish undue burden at this late stage when it already agreed to produce responsive emails. *See* Exhibit C, at pp. 3–4.

BoomSourcing LLC claims documents concerning its soundboard technology are protected from disclosure by trade secrets and are confidential. To the extent the documents are treated as confidential, the agreed confidentiality order governing the underlying case satisfies any concerns and obviates such an objection. Plaintiff has forwarded the relevant agreed confidentiality order to BoomSourcing LLC's prior counsel. *See* Exhibit C, at pp. 5–6. Moreover, BoomSourcing LLC has already produced documents designated as confidential—namely, the services agreement with Defendants. Thus, it cannot withhold documents on the grounds that they are confidential.

To the extent BoomSourcing LLC claims that any documents are protected from disclosure based on trade secret, BoomSourcing LLC has the burden of establishing such protections are established. *See Hutchinson v. Kamauu*, 2:20-cv-00796-RJS-DAO, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022). BoomSourcing LLC fails to support its conclusory claim of trade secret protection. Therefore, documents cannot be withheld on this basis.

### III. CONCLUSION

For the reasons set forth above, Plaintiff requests an order granting Plaintiff's Motion to Enforce Subpoenas, and for such other relief as the Court deems appropriate.

Plaintiff Robin Black, individually ad on behalf of all others similarly situated,

*/s/ Steven A. Christensen*

Steven A. Christensen
Christensen Young & Associates, PLLC
9980 South 300 West #200
Sandy, UT 84070
Telephone: (801) 255-8727
Facsimile: (888) 569-2786
steven@christensenyounglaw.com

Jeffrey Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*jeff@attorneyzim.com*
*www.attorneyzim.com*

Max S. Morgan
Eric H. Weitz
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

eric.weitz@theweitzfirm.com

*Counsel for Plaintiff and the proposed Classes*