# Exhibit E

## AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT
NORTHERN District of Illinois

Case Number: 1:21-CV-3745

Plaintiff:
**Robin Black**

vs.

Defendant:
**First Impression Interactive, Inc., Jeffrey Giles, and Dale Brown**

For:
THOMAS A. ZIMMERMAN, JR.
77 W. Washington St, Ste 1220
CHICAGO, IL 60602

Received by GUARANTEED SUBPOENA SERVICE, INC. on the 22nd day of February, 2022 at 12:50 pm to be served on **BOOMSOURCING BPO LLC R/A JACOB MUNNS, 3451 N. TRIUMPH BLVD. STE. 203, LEHI, UT 84043**.

I, RYAN CONDIE, being duly sworn, depose and say that on the **25th day of February, 2022** at **12:09 pm, I:**

Served the within named **CORPORATION** by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, SCHEDULE A TO SUBPOENA TO PRODUCEDOCUMENTS** with the date and hour of service endorsed thereon by me to JACOB MUNNS as **Registered Agent** of the within named corporation, in compliance with state statutes.

**Description** of Person Served: Age: 55, Sex: M, Race/Skin Color: White, Height: 6'1", Weight: 180, Hair: Light Brown, Glasses: N

I am over the age of 21 and have no interest in the above action. I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was executed. Pursuant to Utah Code Annotated 78B-18a-101 et seq., with the statutory declaration statement form as set forth in 78B-18a-106, I declare under criminal penalty that the foregoing is true and correct.



HEIDI ANDERSON
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 01/01/2025
Commission # 715926

Subscribed and Sworn to before me on the 28th day of February, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

RYAN CONDIE
Process Server

**GUARANTEED SUBPOENA SERVICE, INC.**
2009 Morris Avenue
Union, NJ 07083
(800) 672-1952

Our Job Serial Number: AND-2022000575
Ref: 20220222140806

| AO 88 (11/91) Subpoena in a Civil Case | | PROOF OF SERVICE | |
|---|---|---|---|
| SERVED | DATE: 2-25-22 / 12:09 pm | PLACE: 2426 S. 2500 E. SALT LAKE CITY, UT 84109 3451 N. Triumph Blvd. Suite 203, Lehi, UT 84043 | 20220222155437 |
| SERVED ON: BOOMSOURCING LLC C/O REGISTERED AGENT JACOB MUNNS<br>ACCEPTED BY: Jacob Munns<br>RELATIONSHIP/TITLE: RIA | | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE<br>SERVING: SUBPOENA TO PRODUCE DOCUMENTS, SCHEDULE A, DOCUMENT REQUESTS | |
| SERVED BY    Ryan Condie | | TITLE    PROCESS SERVER | |

## DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: M    AGE: 55    HEIGHT: 6'1"    WEIGHT: 180    SKIN: W    HAIR: Light Brown    OTHER: —

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.
Docusign Court Approved E-Signature

_____ L.S.
SIGNATURE OF    Ryan Condie
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

| | |
|---|---|
| ATTORNEY: | THOMAS A. ZIMMERMAN, JR, ESQ. |
| PLAINTIFF: | ROBIN BLACK, ET AL, |
| DEFENDANT: | FIRST IMPRESSION INTERACTIVE, INC, AN ILLINOIS CORPORATION, ET AL, |
| VENUE: | DISTRICT |
| DOCKET: | 1 21 CV 3745 |
| FEE: | 0.00 |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule,  person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state inwhich the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.