IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBIN BLACK, on behalf of herself and all others similarly situated,<br><br>                Movant,<br>v.<br><br>BOOMSOURCING, LLC, and<br>BOOMSOURCING BPO, LLC.,<br><br>                Respondents. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-mc-696 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Movant Robin Black asks the court to enforce subpoenas pursuant to Federal Rule of Civil Procedure 45. This matter arises from an underlying case *Robin Black v. First Impression Interactive, Inc.*, et al Case No. 1:21-cv-3745 (N.D. Ill.) filed in the northern district of Illinois. Movant alleges the Defendants in the underlying action violated certain sections of the Telephone Consumer Protection Act (TCPA)—47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c)—by their practices of making autodialed, prerecorded telemarketing calls to individuals on the Do-Not-Call-Registry without consent. Movant issued subpoenas to Respondents seeking certain documents, and according to Movant, Respondents have failed to comply, so this motion is brought. As set forth herein, the court grants the motion in part.

BACKGROUND

In February 2022, Movant served both Boomsourcing LLC and Boomsourcing BPO LLC with Rule 45 subpoenas to produce certain documents. (ECF No. 13-1.) Attorneys representing Respondents contacted Movant's attorneys and negotiations began about the production. The parties discussed the terms of an agreed confidentiality order to be entered prior to production. Respondents represented that they had begun gathering materials, and on July 15, 2022, a small

production of documents was initially served. Respondents' counsel requested additional time to review the majority of the remining production before providing additional documents. Prior to producing the remainder of the materials, Respondents changed counsel and new counsel asserted the production would costs "tens of thousands of dollars to compile" and requested Movant to pay these costs. New counsel also took issue with Movant's qualifications to be class representative in the underlying action. Attached to Movant's pleadings are copies of the parties' correspondence concerning the subpoenaed information.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party.[1] In issuing a subpoena, a party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45. Under Rule 45(d)(2)(B), if the party commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Any objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Rule 45(d)(3) sets forth conditions under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," "fails to allow a reasonable time to comply," or when the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). Rule 45 also provides a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information." *Id.*

---

[1] Respondents have not filed a motion to quash the subpoena.

The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26. *Am. W. Bank Members, L.C. v. Utah*, 2:16-CV-00326-CW-DAO, 2021 WL 5384840, at *2 (D. Utah Nov. 18, 2021) (applying Rule 26(b) scope of discovery to motion to enforce subpoena); *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014). As a result, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). And information "need not be admissible in evidence to be discoverable" Fed. R. Civ. P. 26. All discovery, however, is subject to the proportionality limitations imposed by Rule 26. "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D.Kan.2002) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 (D.Kan.2001)).

DISCUSSION

Plaintiff seeks production of call logs as set forth in Request No. 26 in the subpoena. Call detail logs in their original electronic format for calls placed by You or on

> Your behalf (whether exclusively or not) to promote or sell goods or services of Defendants (whether or not exclusively), since May 10, 2017. Responsive Documents include all calls made by You or on Your behalf, the originating telephone number, the date, time, and duration of the call, the telephone to which each such call was made or attempted to be made, whether the telephone number is a cellular telephone number, the script for such call, the name of the person

called, whether the person called had previously asked not to be called, the name
and unique identifier number(s)/designation(s) associated with the intended
recipient and the call.

(ECF No. 2 Ex. B p. 7-8.) This court has noted the utility of call logs in determining whether to

certify a class request under the TCPA. *See Weslye v. Snap Finance LLC.*, 339 F.R.D. 277, 298-

99 (D. Utah 2021) (the call logs "represent common evidence that can be used to resolve" certain

issues). And another court has stated that the "production of call logs and related data is standard

fare in TCPA actions." *Hancock v. Credit Pros Int'l Corp.*, No. 220CV02826SRCCLW, 2021

WL 2948154, at *8 (D.N.J. July 13, 2021). The court finds the call logs are relevant here and

consistent with prior TCPA actions, their production need not wait until class certification is

granted. Boomsourcing LLC's arguments against their relevance are rejected.

Boomsourcing, LLC subsequently points to Movant's motion in the underlying case for

leave to amend and add them to that lawsuit. Because of this, Boomsourcing argues, the current

motion should be stayed until a decision is made on that motion as Boomsourcing LLC could

become a party defendant in the underlying matter subject to the same discovery requests. This is

basically a request to delay discovery, which is not a proper reason to deny the motion to

enforce. Movant asserts it will not seek the same discovery twice and the rules would prevent it

from doing so. The court declines Boomsourcing LLC's invitation to stay this motion.

Next, Boomsourcing LLC argues the subpoenas are invalid because they were not

properly served, and they fail to provide a place of compliance within 100 miles of where

Boomsourcing LLC transacts business. The record shows both Boomsourcing LLC and

Boomsourcing BPO LLC were properly served. (ECF No. 13-1 p. 2-3.) Boomsourcing LLC cites

no authority for its contention that the 100-mile rule prevents production. While it is true that the

subpoenas are blank as to the place of production, the subpoenas here seek documents and do not

require a person to appear at a deposition, hearing, or trial. The production would be electronic, negating the concerns behind the 100-mile limitation in Rule 45, and making the prohibition against production inapplicable. *See, e.g., Premier Election Sols., Inc. v. Systest Labs Inc.*, No. CIVA 09CV01822WDMKMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009) (finding the 100-mile range limitation inapplicable because the subpoena sought documents and not a person to appear for a deposition, hearing or trial). Because the subpoenas do not require representatives of Boomsourcing LLC to travel anywhere, much less outside the 100-mile limitation, this is not a proper basis for refusing to comply with the subpoenas.[2]

Boomsourcing LLC asserts it is a "relatively small company" and compliance with the subpoenas is overly burdensome in violation of Rule 45. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Based on the record, Boomsourcing LLC began its efforts to produce the call logs and never mentioned the burden of doing so until after new counsel entered an appearance on the record. This change in course is concerning and Boomsourcing LLC offers no support for its contention. The court is not persuaded that there is an undue burden in producing the call logs.

Movant requests "All Communications between Boomsourcing and Defendants (Request nos. 11-13 and 16)." (ECF No. 12 p. 6.) Based on the parties' correspondence, it appears there are "roughly 70,000 emails". (ECF No. 2 p. 8.) The parties were working on a key search terms list when negotiations stalled. The court is persuaded that a request for "Documents You sent", "received", or "exchanged" needs some further narrowing. The parties are ordered to work

---

[2] The court notes that Rule 45 also provides discretion to modify the subpoenas to require production at Plaintiff's counsel's location in Utah.

together and come up with a list of search terms that will help pair down the request. On this

front, the court denies the motion to simply produce everything. Rather, Movant needs to narrow

down the request with appropriate search terms.

Finally, the parties disagree about the production of Boomsourcing LLC's sound board

technology. Request number 25 seeks:

> Documents relating to and describing the operation, installation, and/or
> specifications of any and all equipment and systems used to make telephone calls
> to consumers, including but not limited to Perfect Pitch technology, by You or
> any third party on Your behalf (whether exclusively or not).

(ECF No. 2 p. 8.) Movant asserts these documents are necessary to "prove the calls to Plaintiff

and Class members were placed using an artificial or prerecorded voice." (ECF No. 2 p. 8.)

Boomsourcing LLC argues the disclosure of this information is highly prejudicial and Movant

has made no effort to show how this sensitive information would be protected.

The court finds this information is relevant to prove whether the calling system at issue is

covered by the TCPA. *See Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017

WL 5196093, at *6 (S.D. Fla. Nov. 9, 2017) ("Plaintiffs are entitled to information specifying

the capacity and capability of all dialing equipment ERC used to collect debts during the relevant

time period so they can prove or disprove whether each system is covered by the TCPA."). As

such it should be provided. The parties are free to negotiate an agreed upon protective order or

abide by the Standard Protective Order that "applies in every case involving the disclosure of any

information designated as confidential". DUCivR 26-2. This alleviates concerns about

disclosure.

The other Respondent, Boomsourcing BPO, also entered general objections to the

subpoenas. (ECF No. 14.) Boomsourcing BPO's response was filed on January 10, 2023, long

after the deadline to respond to the Motion to Enforce Subpoena and long after the objection

period in Rule 45. *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.") Boomsourcing BPO is to respond to the subpoenas as outlined above. If it has nothing to produce as a holding company, then it should state that as part of the production not in an untimely objection.

ORDER

As set forth above, Movant's motion is GRANTED IN PART.

IT IS SO ORDERED.

DATED this 24 January 2023.

Dustin B. Pead
United States Magistrate Judge